### TURNER *vs.* CRIGLER.

Defendant, as assignee of a promissory note executed by plaintiff to A., promised plaintiff, that if he would renew the note, he would pay him all he might be compelled to pay on account of certain judgments rendered against him, as garnishee in suits by attachment against A. Plaintiff then made some payments on the note, and gave his new note to defendant for the remaining part due: *Held*, that such payments, and the execution of the new note, constituted a sufficient consideration to support the promise.

### ERROR to Howard Circuit Court.

Clark, *for Plaintiff in Error.*

1. The evidence being clear, that the defendant promised the plaintiff to pay him whatever sum he might pay on account of the garnishee judgments, if he would execute to the defendant a new note, and that said note was executed upon

the faith of such promise, the plaintiff had a right of action upon the breach of such promise.— 1 Mar., 475 ; 2 Bibb., 450 ; 1 Monroe, 233.

2. There was a legal and valid consideration for the undertaking of the defendant, and the Circuit Court ought to have given the instructions prayed by the plaintiff. The court certainly erred in giving the instructions prayed by the defendant.— See 4 Mo. Rep., 431; Chitty on Contr., 6, 12, 16, 17; Digest, 1825, title, "Attachment," sec.— ;  6 Mass. Rep., 58.

DAVIS, *for Defendant in Error*.

The only point arising in the cause is, as to the correctness of the instructions given by the court.

If Crigler made the promise to indemnify Turner upon any sufficient consideration, then the instructions were wrong.

But if Crigler made the promise, only in order to get Turner to do what in law he was bound to do before, then the promise is without consideration.— See Chitty on Contr., 6, 7;  2 Black. Com., 445 ;  3d vol. Mo. Rep., 453, Price *vs.* Cannon ; 3d vol. Mo. Rep., Scott & Rule *vs.* Hill & McGunnegle's Garnishees;  4 Mo. Rep., 431, Wolf *vs.* Cozens;  see 5th section of act ("Bonds and Notes") Rev. Code, 105.

TOMPKINS, J., *delivered the opinion of the Court*.

This is an action of assumpsit, commenced in the Howard Circuit Court, by William Turner *vs.* Richard G. Crigler.  The judgment of that court was given for the defendant, and, to reverse it, the plaintiff appeals to this Court.

It appears, by the record, that before the commencement of this suit, the plaintiff had executed a note to one Christopher C. Crigler, for about the sum of seven hundred dollars, and that the present defendant became the owner of the said note by assignment; that two of the creditors of C. C. Crigler commenced suit by attachment before a justice of the peace, and caused Turner, the plaintiff, here appellant, to be summoned as garnishee, who, upon his answer to the interrogations, admitted that he owed C. C. Crigler, aforesaid, upwards of six hundred dollars; that it was not then due, but would be due some time in October, 1839; whereupon, the justice entered up judgment against the said Turner, appellant, and he was directed to retain in his hands, when said money became due to said C. C. Crigler, so much thereof as would satisfy the demands of the plaintiff, in the suit by attachment against said C. C. Crigler; and that afterwards the defendant presented to him the note given as aforesaid to C. C. Crigler, which, as above-mentioned, had come to him by assignment, and demanded payment from the appellant, Turner; that Turner answered, he would pay the defendant the amount of the note, except what he had been ordered to retain, to satisfy the judgment in attachment above-mentioned, if the defendant would take currency; but the defendant (appellee) declined receiving it ; that the appellee, Richard G. Crigler, told the plaintiff, Turner, as the note was somewhat torn, he would like to get it renewed;

the appellant, Turner, objected, saying, that if he renewed the note, he would be compelled to pay the new note, and also the judgments in the suits by attachment above-mentioned; and that Crigler, the appellee, promised the appellant, Turner, that if he would renew the note, he would pay him all he might be compelled to pay on account of the judgment in the suits by attachment above-mentioned; that the appellant made some payments, and gave his note for the remaining part due on said note made as aforesaid to C. C. Crigler; that the appellant was afterwards compelled to pay the new note, and also the judgments obtained in the said suits by attachment.

On this evidence, the plaintiff asked these instructions, viz. :—

First: That if, from the evidence, the jury believe that defendant (appellee) promised the plaintiff, (appellant) that if he would execute a new note for the balance due, he, the defendant, would indemnify said Turner, plaintiff there, appellant here, against whatever sum he might be compelled to pay on the judgment aforesaid, and that said plaintiff, upon the faith of said promise, did execute a new note; and if they further find, that the defendant has not paid the said Turner the amount he may have paid on said judgments, then they will find for the plaintiff all he may have paid on said judgments, with interest and costs from the time the said plaintiff, Turner, may have paid the same.

Second: That it is immaterial whether Turner ought to have suffered judgment in the suits by attachment; if judgments were obtained, and he satisfied them under executions, and the defendant promised to pay him, and the note was executed in faith of said promise, the plaintiff is entitled to recover the amount paid, with interest and costs, from the time the same was paid. The court refused to give these instructions, but on the motion of Crigler, the appellee, gave the following, viz. :—

1st: If, from the evidence, the jury believe that Crigler had a note on Turner, due and payable, and that he, in order to get the note paid, or renewed, promised wholly to indemnify Turner against his liability on the judgments in the suits by attachment, such promise was not binding in law, being without consideration.

2d: That by law, if Crigler fairly obtained said note by assignment, he, Crigler, was not under any obligation to make a deduction from Turner's note, by reason of the said judgments in the suits by attachment; for if Turner permitted said judgments to be rendered against him upon his supposed indebtedness to C. C. Crigler, when, in fact, Richard G. Crigler was the legal owner of the debt, Richard G. Crigler's right to the money was not, and is not, affected by said judgments in the suits by attachment.

3d: That, from the evidence before the jury, the appellee, Crigler, was under no legal obligations to indemnify Turner against the effect of the judgments rendered by the justice, against said Turner, in favor of the plaintiffs in the atttachment.

Turner, the appellant, excepted to the opinion of the court, in refusing the instructions prayed by himself, and in giving those asked by the appellee, Crigler: Turner moved for a new trial, and his motion was overruled, which was also excepted to.

The appellee, Crigler, contends that the promise made by him is without consideration, it being made only to induce Turner to do what he was before bound to do. The appellee relies on Price *vs.* Cannon, 3 Mo. Rep., 453. In that case, Price pleaded payment on the 1st day of October, 1833, after the note sued on became due, and that, in consideration of this payment, Cannon, the plaintiff, had promised to wait with the defendant for the remaining part off the debt, until, &c.

The court say, "the whole sum was then due, and the payment by the defendant, of a part only of what he was bound to pay, formed no consideration for postponing the payment of the residue, and the verbal promise of the plaintiff, if made, could not be enforced."

I cannot see that this case resembles the case now before the Court.

The note made by Turner to C. C. Crigler, as appears by the evidence in the record, had been assigned by the payee to one Warren, and by Warren to Crigler, the appellee, and it certainly was some consideration that Turner paid a part of this money, and executed a new note for the remaining part, thereby saving to the holder the trouble of proving the two assignments.

The case of Foster *vs.* Fuller, 6 Mass. Rep., 58, is in point to prove that the making of a new note is a sufficient consideration to support the promise.

This Court, therefore, reverse the judgment of the Circuit Court, and the cause is remanded for a new trial.