M’Girk, C. J.,
delivered the opinion of the Court.
The plaintiff, Nancy, brought an action for her freedom, against Trammel. After the action was brought, she filed a bill for a discovery, alledging that she became entitled to her freedom by reason, that some 24 years before the bringing the action, her grandmother was a slave in Kentucky, and that her owner removed from Kentucky and took her with him to the N. W. Territory, and kept her there as a slave, by which residence her grandmother and her descendants are entitled to their freedom. That said Trammel during said residence purchased her grandmother in said Territory, that her mother was born in said Territory, and Trammel claimed her as a slave, that he then removed to Missouri, where the plaintiff was born. That she has made search for proof of those facts, and the defendant only knows them. The *217 defendant demurred to the bill. The demurrer was overruled, the defendant was ordered to answer, which he failed to do, the bill was then taken to stand confessed. On the trial of the suit for freedom this bill with the proceedings were offered in evidence. The Court refused the evidence. The plaintiff suffered a non-suit, moved to set aside the non-suit, which was refused.
The error assigned is the rejection of this evidence.
It is insisted by the Attorney General, that the act of the General Assembly authorizing this bill of discovery, only authorizes the answer to be read in evidence when obtained, and that if the party refused to give his answer, the Court could compel him to do so by attachment and sequestration, and that there is no difference between this case and the case where any other witness refuses tc answer.
To prove this proposition he cites the R. C. 631; Tompkins v. Ashley, 22; Com. Law R. 239; 1 Stark. Evi. 288, ch. 23; 2 Stark. Evi. 239; Peake 54, 56; 1 Phil. Evi. 264-5.
On the other side Mr. Hayden, for the plaintiff, insists that the demurrer admits all the facts alledged in the bill. That the bill being taken pro con fesso for want of an answer admits the facts stated in the bill. To prove this, and to show that the plaintiff is entitled to read the bill as evidence, as facts admitted, he cites 1 Marshall R. 335; Coop. Equity 111-12-13 207.
The act of the Legislature under which this proceeding for a discovery was had, R. C. 631, says that in all trials at law, either party may have a discovery of the other of matters pertinent to the issue, by filing his Bill, &c., and the other shall answer thereto or demur, in the same manner, and for like cause, as in case of a bill of discovery in chancery; and the Court shall have the like power to enforce a discovery, and to proceed in all matters in relation thereto as by the ordinary-rules in chancery in like cases, and the answer may be read, &c.
The act is silent as to what shall be the effect of a bill demurred to and the demurrer overruled. It is also silent as to what shall be the effect when the bill is taken as confessed for want of an answer.
The first case citedby the plaintiff in error, is exactly in point, a Kentucky decision which if entitled to respect so far as it comports with authorities ; but none are cited in the case.
We must examine the case in reference to authorities so far as this can be found to bear on the subject. The act of the General Assembly respecting chancery practice, R. C. 639, says that if the defendant’s demurrer is overruled he shall answer the bill instanter, or in default thereof the bill, or so much thereof as remains unanswered, shall be taken as confessed. In this case the defendant failed to answer. The judgment of this statute is, that his bill be taken as confessed ; what does this mean? In our opinion it means this : that for all the purposes of the bill, the confessions of the bill are, in law and equity, to be as complete as the confessions could be, had he answered and expressly admitted every part therein charged to exist. If this is the true meaning of the statute, it is useless to search for further authority on the subject.
With regard to the effect of a demurrer to abill of discovery, Cooper, in page 111, lays it down that the demurrer admits the facts sought to be discovered. None of the authorities on either side come very near the point in question, except the case cited from 22 Com. L. R. 239, by the defendant’s counsel. It was holden in that case, that a demurrer to a bill of discovery does not admit the facts contained in the *218 bill so as to make those facts evidence, as facts admitted in a suit at law between the parties. This decision is contrary to the law as laid down by Cooper. Thus far the English authorities appear to balance; but the present case is not the case alone of facts admitted by a demurrer; but it is also, a case where the statute declares the bill shall be taken as confessed. That is, as if the party had expressly acknowledged all to be true as stated in the bill.
The Circuit Court erred in refusing to set the non-suit aside. The judgment is reversed and remanded.