Wash, J.,
delivered the opinion of the Court.
Cannon, the defendant in error, sued Price, the plaintiff in error, in the Howard Circuit Court, by petition and summons, on a promisrory note. Price pleaded,
First. Nil debet.
Second. Payment on the day.
Third. Payment before the day.
Fourth. Payment of ten dollars to Cannon on the 1st day of Oct., 1833, and after the note became due upon the promise of Cannon, that in consideration thereof he *319 would wait with the defendant for the remaining part of said sum in the petition mentioned, until the 1st of March, 1834, &c.
Fifth. Payment of ten dollars on the 1st October, 1833, in consideration of which the plaintiff promised to wait with the defendant for the said sum of money in said note mentioned, until the 1st of March, 1834, &c.
Sixth. That the note sued on was given to plaintiff in consideration of a horse sold and delivered to the defendant by plaintiff, who with intent to defraud the defendant, represented the said horse to be sound, &c., whereas he was unsoünd, and of no value, &c., and that he the said defendant was induced alone by the false and fraudulent representations of the said plaintiff as aforesaid, in relation to the horse as aforesaid, to make and execute the instrument in the said petition mentioned; and the said defendant avers that the said instrument is void in law, &c. Issue was joined on the first, second and third pleas. The fourth and fifth pleas were demurred to, and the demurrers sustained. To the sixth plea the plaintiff replied, that the said instrument in the said petition mentioned, was obtained fairly and honestly by him, the said plaintiff, and not by fraudulent misrepresentations, in manner and form, as the said defendanthath above, in his said plea sixthly above pleaded and alledged, See,, on which issue was taken. The Court sitting as a jury, found the issues for the plaintiff, and gave judgment for the plaintiff on the demurrers and issues so found. To reverse which judgment, the defendant now prosecutes his writ of error in this Court. After the jury had been sworn in the cause, the defendant moved the Court lor leave to file a bill of discovery, &c., which was refused. A motion was after-wards made by the defendant, for a new trial, and also in arrest of judgment, which the Court overruled. The judgments of the Circuit Court, in sustaining the plaintiff’s demurrers to the fourth and fifth pleas, and in refusing leave to file the bill of discovery, and also in reiusing to arrest the judgment on the ground that the issue joined on the sixth plea was an immaterial one, are now assigned for error. The demurrers were rightly sustained to the fourth and fifth pleas.
The whole sum was then due, and the payment by the defendant of a part only of what he was bound in law to pay, formed no consideration for postponing the payment of the residue, and the verbal promise of the plaintiff, if made, could not be enforced. The bill of discovery ought not to have been allowed. The evidence sought to be discovered could not have availed the defendant upon the issues in the cause. Besides, the application came too late.
It is an equitable proceeding, of which the party must avail himself seasonably. After the cause had been called, and the jury sworn, or the cause submitted to the Court sitting as such, the bill ought not to have been entertained.
In cases of particular surprise or hardship, or newly discovered evidence, &c., the remedy is by motion for a new trial, and then a hill of discovery might be-proper, but this is nothing like such a case.
On the third point we felt some difficulty at first, but in looking into the books we thinlc the issue was well taken on the sixth plea.
The substance of the plea is, that the note is void in law, by reason of the fraud practiced by the plaintiff in obtaining it from defendant, &c., and this is the-matter traversed. The forms in Chitty of a plea of fraud in obtaining a deed, &c., and the replication thereto, seem to have been taken as the pleader’s guide in this case. Certain it is, none better are to be formed in most cases. Upon the whole matter,, therefore, the judgment of the Circuit Court is affirmed, with costs.