ETIENNE ROUSSIN, PLAINTIFF IN ERROR, vs. THE ST. LOUIS PERPETUAL INSURANCE COMPANY, DEFENDANT IN ERROR.

1. All objections to the reading of depositions, will be disregarded, unless the bill of exceptions shows the specific objection made and decided upon in the circuit court: 6 Mo. Reps. 186; 7 ib. 315; 8 ib. 131; 10 ib. 128. Without this, it cannot be known that the question presented in the supreme court is the same upon which the circuit court decided. The same rule applies to other evidence given in a cause.

2. When the supreme court is asked to reverse a judgment of the circuit court, because competent evidence was rejected, it must appear on the record, that the evidence rejected might and ought to have had some influence, in finding a verdict on the questions of fact.

3. Such parts of a bill of discovery as are not answered, or not sufficiently answered, cannot be taken as confessed and considered as evidence in the cause. Our satutory proceeding, to obtain a discovery, is a substitute for the bill in chancery, for the same purpose. The party who is required to answer, answers the interrogatories, and the court will compel full and sufficient answers, before the trial of the cause will be permitted to proceed. The party seeking the discovery, if he considers the answer insufficient, must except to it, and have the decision of the court upon his exception. After he has proceeded with the trial, and read the answer in evidence, he cannot object to its sufficiency, or ask any further action of the court upon his petition.

4. The record not showing the nature of the transaction in which the St. Louis Perpetual In-

Roussin vs. The St. Louis Perpetual Insurance Company.

surance Company became the endorsee of a promissory note, it will be presumed that the note was acquired by the corporation, within the provisions of its charter.

## ERROR to Washington Circuit Court.

SCOTT & YOUNG, for plaintiff in error.

The points relied on by the plaintiff in error are, substantially, those only which are assigned for error.

1. The court improperly permitted the depositions of Seth A Ranlett to be read in evidence, being mere hearsay and belief, and not properly accounting for the absence or loss of the note.

2. That the court improperly admitted to be read as evidence, the two acts of 4th February 1837, and 13th February 1839, without also requiring the production and reading of the other act of the 4th of February 1837, referred to, as containing the powers, rights and duties of this corporation.

3 The said corporation had no power to take an assignment of this note, either in payment of a debt, or for the purpose of discounting the same, or in any other manner whatever: See act establishing Farmers' and Merchants' Insurance company, laws of Mo. 1837, p. 189. A corporation has no powers not expressly granted: Blair vs. St. Louis Perpetual Insurance Company: 10 Mo. R., 559, 565–6.

4. The court improperly refused to permit the receipt for $100 to be read in evidence on the part of the defendant.

5. The court erred in overruling the demurrer to the plaintiff's declaration.

6. The court improperly refused the instructions asked for by the defendant, in regard to the statements in the bill of discovery, and the answer thereto.

7. The court improperly refused to grant a new trial.

8. The court improperly refused to arrest the judgment.

LORD, for defendant in error.

The defendant in error will insist,

I Ranlett was a competent witness, and his deposition was properly read. No specific objections were made, at least none appear in the bill of exceptions. This court has uniformly held that no objection will be listened to here, that was not specifically made in the court below: R. S. 1845, p. 906, sec. 32; Field vs. Hunter, 8 Mo. Rep., 128; Fry vs. Pryor, 7 Mo. Rep., 314.

II. The act of the Gen. Assembly, incorporating the defendant in error, was properly read. *No specific objections were made.*

III. The receipt produced by plaintiff in error, signed by George Burnett, was very properly excluded.

1. Because George Burnett was a competent witness.

2. Because the defendant below shows that he had extensive dealings with Isaac Burnett, and, for aught that appears, he may have held other notes of plaintiff in error. George Burnett could have explained the whole matter.

3. The receipt is between other parties: it is given to Etienne Roussin & Co., and the note in question was made by. Etienne Roussin.

4. If, in a suit between Isaac Burnett and Etienne Roussin, such a receipt might be introduced, it by no means follows that it can be introduced as any evidence against the claim of the defendant in error. The receipt is merely the declaration or admission of Geo. Burnett,

and should be evidence as against Isaac Burnett, only on the ground that George was the agent of Isaac, and acting within the scope of his authority; but where they attempt to prove as against the defendant in error, any payment upon the note in question. I apprehend they must produce other testimony than the mere declarations of Burnett's agent.

IV. The court below properly refused to instruct, that all such parts of the defendant's petition as were not fully answered or not sufficiently answered by the respondents, should be taken as confessed, and considered as evidence for defendant.

1. There is nothing in the petition, showing that either Camden, Crow or Ranlett knew any thing about the transactions between Roussin & Burnett, and there is no pretence that any thing was paid on the note after it came into the hands of the defendant in error.

2. They were all competent witnesses: Gelston vs. Hoyt, 1 John's Chy. cases, page 543.

3. The petition and interrogatories were sufficiently answered. All that is required by the statute, is, to answer the interrogatories: Revi. S., art. 4, secs. 12–13–14, page 818; and sections 18 and 19 page 819.

.4. Whether the answer was sufficient or not, it was treated as sufficient by plaintiff in error. He did not except to it, but read it to the jury. It is a well settled rule, in chancery practice, that if the answer does not fully answer the bill, or leaves some part of the bill unanswered, but is not excepted to, the complainant is put to the proof of his bill: See opinion of Justice Scott, in Gamble et al. vs. Scott, 9 Mo. R., 625. An imperfect answer does not admit the bill to be true.

5. A bill in chancery cannot be taken as confessed, where an answer has been put in, except in the mode pointed out by the statute: See sec. 20 and seq., R. C. page 841, "practice in chancery."

If the answer to the petition was not sufficient, plaintiff in error should have excepted. The bill of exceptions discloses the fact that an instruction was asked to the effect, &c. The instruction is not set out in the bill of exceptions, and none probably ever written, and no error could have been committed by the court below, in refusing to give an instruction not written out.

6. In any view of the case that can be taken, this court will perceive that plaintiff in error was too late to move to take the bill pao confesso after having read the bill as put, and the answer, to the court sitting as a jurry.

V. Motion to arrest will not be listened to after demurrer, for some cause, is overruled.

GAMBLE, J., delivered the opinion of the court.

The Perpetual Insurance company commenced an action of assumpsit against Roussin in the circuit court of Washington county, charging him as maker of a promissory note, payable to one Isaac Burnett and endorsed to the plaintiff. Roussin, after pleading the general issue, filed a petition for discovery, and the court ordered certain officers of the company to answer the petition. Answers were filed and the parties proceeded to trial.

The plaintiff read in evidence a deposition of Seth A. Ranlett. It is stated in the bill of exceptions, that Roussin objected to the deposition and that the objection was overruled, but the grounds of the objection are not stated. The plaintiff read in evidence two acts of the general assembly, the first, incorporating the Insurance Company, and the second, changing its original corporate name. To these acts the defend-

Roussin vs. The St. Louis Perpetual Insurance Company.

ant objected, but the ground of the objection does not appear. The defendant then read in evidence his petition for discovery and the answers made to the interrogatories. After proving that George Burnett, Jr., was in the employment of Isaac Burnett, as clerk, on the 8th day of April 1842, he offered to read in evidence a receipt, signed by said George Burnett, in these words:

"Rec'd, Saint Louis, April 8th, 1842, of Messrs. E. Roussin & Co. per Messrs. Chouteau & Valle four hundred dollars on apt. of note.

ISAAC BURNETT,<br>per GEORGE BURNETT, Jr."

This receipt was objected to by the plaintiff and was excluded by the court.

The only instruction asked by either party was asked by the defendant in these words: "That all such parts of the defendant's bill of discovery as were not answered or not sufficiently answered by the respondents, should be taken as confessed and considered as evidence for the defendant." This instruction was refused. A verdict having been found for the plaintiff, the defendant moved for a new trial. A motion in arrest of judgment was also made on the ground that the Insurance Company could not legally take a promissory note, by indorsement, as the charter conferred no banking powers. The motions were both overruled. The defendant excepted to all the decisions of the court, made against him, and presents the same points here for consideration.

It may be considered the settled rule of this court, to disregard all objections to the reading of depositions, unless the bill of exceptions shows the specific objection made and decided upon in the circuit court: Dickey and others vs. Malechi, 6 Mo. R. 186; Frost vs. Pryor, 7 Mo. R. 316 ; Field vs. Hunter, 8 Mo. R. p. 131; Bank of Missouri vs. Merchants Bank of Baltimore, 10 Mo. R. 128. The objection now made to portions of Ranlett's deposition cannot therefore be considered. It cannot be known that the question now presented is that upon which the circuit court decided.

It is not perceived upon what ground the defendant objected to the two acts of the general assembly. The counsel suggests in argument that these two acts should not have been admitted without requiring the plaintiff also to read in evidence the act incorporating the Farmer's and Mechanic's Insurance Company ; but on examining the charter of the Farmer's and Merchanic's Insurance Company, it will be seen that the 13th section declares it to be a public law which is not required to be given in evidence.

The objection to these acts is as general as that made to the deposi-

Roussin vs. The St. Louis Perpetual Insurance Company.

tion of Ranlett and it is proper to state here, that the same rule which requires the specific objections made to depositions to appear upon the bill of exceptions, applies to other evidence and testimony given in a cause.

The receipt offered in evidence, did not appear to have any connexion with the note sued upon. By its own terms, it imported that a payment had been made by Roussin & Co. upon their own note. There is nothing in the case tending to show that the note declared on, was the note of Roussin & Co. or that the payment by Roussin & Co, as shown by the receipt, was applicable to this note. When this court is asked to reverse a judgment of the circuit court, because competent and relevant evidence was rejected, it must appear on the record that the evidence rejected might and ought to have had some influence in finding a verdict in the questions of fact. The receipt was properly rejected.

The instruction asked by the defendant was properly refused. Our statutory proceeding, to obtain a discovery, is a substitute for the bill in chancery for the same purpose. The party who is *required to answer*, answers the interrogatories and the court will compel full and sufficient answers before the trial of the cause will be permitted to proceed. The party seeking the discovery, if he considers the answer insufficient, must except to it and have the decision of the court upon his exception. After he has proceeded with the trial and read the answer in evidence he cannot object to the sufficiency of the answer or ask for any farther action of the court upon his petition.

The motion in arrest of judgment was properly overruled. The record did not show the nature of the transaction in which the plaintiff obtained his promissory note from Burnett the endorser, or what was the consideration for the endorsement. The plaintiff possessed all the powers conferred upon the Farmers' and Mechanics' Insurance Company. That company, by the 5th section of its charter, had power "to lend its surplus or unemployed money or capital on interest not exceeding ten per cent to companies, corporations or individuals upon personal or real security." In the ordinary business of insurance, such corporations have debts owing to them for premiums and for other considerations. There is nothing then on the record to shew that this note was not secured by the company from Burnett for a debt due for premiums or for part of its unemployed capital loaned to him—nothing to show that it was received in any illegal business in which the company was engaged.

As the points made by Roussin, for the purpose of reversing the judgment, are all ruled against him, the judgment of the circuit court is, with the concurrence of the other judges affirmed.