BOND, Defendant in Error, v. WORLEY *et al.*, Plaintiff in Error.

1. An agreement entered into by the payee of a promissory note with the maker thereof, that the latter shall have the privilege of renewing, can not be set up as a *defence* to a suit on the note.
2. Usury must be specially pleaded.
3. Bills for discovery are abolished.

*Error to Jackson Circuit Court.*

This was an action on several promissory notes. The defendants in their answer admitted the execution of the notes,

but set forth at great length the circumstances under which they were executed, alleging that there was granted a privilege of renewing at the maturity, &c. All of this answer, except the admission of the execution of the notes, was stricken out on motion of the plaintiff.

*Hovey*, for plaintiff in error.

I. The answer shows an entire want of consideration as to the eight hundred dollars of the debt demanded. The debt was not due at the commencement of this suit. (R. C. 1855, p. 1233, 1290.)

II. Whether or not a bill for discovery is a proper remedy under our statute, yet the answer, as such, was still good.

*Sheley*, for defendant in error.

I. The answer does not create or make a direct issue; it only attempts to set up an excuse for non-compliance with the contract; and a motion was the only way to reach it. (See R. C. p. 1232, § 12, p. 1236, § 30, 31.)

II. The old bill of discovery is abolished by our present practice act. R. C. p. 1290, § 28, 29, 30, 31.)

NAPTON, Judge, delivered the opinion of the court.

The answer in this case sets up as a defence to the notes sued on that the obligor Worley was to have the privilege of renewing them at the end of the year, when they became due. This is no defence to the action, as the agreement to renew did not amount to a defeasance or release and can only be available as the basis of a separate suit. (Bucher v. Payne, 7 Mo. 462; Atwood v. Lewis, 6 Mo. 392.)

The plea does not amount to a plea of usury, and we presume was not so designed. The defendant avers his readiness to renew and pay the entire face of the notes (including the twenty per cent. interest) with ten per cent. interest upon this amount, provided the agreement above referred to for further time is complied with. Defendant also states that the $800 note is without consideration, except the agreement

aforesaid; the conclusion from all which is, that the notes are not yet due, but no unwillingness is expressed to pay them whenever they are due on account of any usurious interest being embraced in them. The answer ends with a prayer for discovery and for general relief.

It is not difficult to frame a plea of usury, and no particular form is required; nor ought any odium to attach to a resistance to exorbitant exactions. Still, it is at the option of a party to plead it or not; and although the court may infer from the facts stated that such a plea would have been available, the defence is not for this reason to be considered as set up. No bill of discovery is now allowed since our statute has provided other more convenient modes by which every purpose of such bills can be attained.

The other judges concur. Judgment affirmed.