D. J. BLANKE, Appellant, v. ST. LOUIS–SONORA GOLD AND SILVER MINING COMPANY, Respondent.

St. Louis Court of Appeals, March 19, 1889.

Corporations : LIABILITY OF SHAREHOLDERS. A petition by a judgment creditor of a corporation, which seeks to enforce a liability against its stockholders, but which does not allege that the shares held by the defendants are assessable, or that anything is due to the corporation from the defendants on account of shares held by them, states no cause of action.

*Appeal from the St. Louis City Circuit Court.*—Hon. George W. Lubke, Judge.

Affirmed.

*George Bullock*, for the appellant.

The court erred in sustaining defendant's demurrer, for the following reasons, viz: If the creditors in the case of such a personal statutory liability have a remedy at law, they also have a concurrent remedy in a court of equity for its enforcement. *Bank v. Ibbotsan*, 24 Wend, 473; *Van Hook v. Whitlock*, 3 Paige, 409; *Morris v. Johnson*, 34 Md. 485; *Perry v. Turner*, 55 Mo. 418; *Dozier v. Thornton*, 19 Ga. 325. The stockholders' liability is a common fund for the benefit of all creditors, and to secure its ratable distribution among all is a proper ground for equity jurisdiction. *Bank v. Stevenson*, 5 Allen, 401; *Crease v. Babcock*, 10 Met. 532; *Briggs v. Penniman*, 8 Cow. 387; *Horner v. Henning*, 93 U. S. 228; *Low v. Buchanan*, 94 Ill. 81; *Harper v. Mfg. Co.*, 100 Ill. 225; *Queean v. Palmer*, 117 Ill. 619.

*Boyle, Adams & McKeighan*, for the respondent.

The allegations of the petition disclose no liability either in law or equity on the part of defendants. We submit that the fact a party may have purchased stock at less than its par value, or at much less than its par value, is not sufficient to subject him to liability for debts of the corporation. *Non constat*, the corporation may have received from the original subscriber of such stock its full par value, or even more. As to the stock held by the parties who are made defendants, it is not even alleged that the par value has never been paid. All that is charged as to their stock is that they did not pay the par value for it to the party from whom they purchased.

THOMPSON, J., delivered the opinion of the court.

In this case a demurrer to the petition, on the ground that it does not state facts sufficient to constitute a cause of action was sustained, and, the plaintiff declining to plead further, judgment was entered for the defendants, from which the plaintiff prosecutes this appeal.

The plaintiff sues on behalf of himself and all other creditors of the defendant corporation who shall come in and contribute their *pro rata* shares of the expenses of the suit, against the corporation and certain individuals as shareholders therein. The petition recites that on the fourteenth of February, 1888, the plaintiff recovered a judgment against the corporation in the sum of nine hundred and twenty-three dollars and costs ; that execution was duly issued thereon and returned *nulla bona ;* that the indebtedness for which such judgment was rendered accrued on the second of August, 1886 ; that the defendant corporation was organized under the laws of the state of Illinois ; that on this last named date the individual defendants who are joined with the corporation were the owners, or since that date have acquired certain shares of the stock of the corporation, in amount unknown to the plaintiff. The petition then proceeds as follows : "That the par value of said shares is ten dollars each, but that the amount paid therefor by each of said defendants was much less per share than ten dollars, but of the exact amount paid by said defendants therefor, plaintiff has no knowledge ; that there are other parties within the jurisdiction of this court who hold or at some time since the second day of August, 1886, have held certain of said shares of capital stock, on which the full par value of ten dollars per share has never been paid, but that he has no knowledge of their names, the number of shares so by them being or having been held, or the price paid by them therefor ; but that said defendant,

the St. Louis-Sonora Gold and Silver Mining Company, has books within its possession in which are recorded the names of all holders of said shares of capital stock, the number of shares by each held and the prices paid therefor ; from which plaintiff could learn how many of said shares were, or, at any time since said second day of August, 1886, have been, held by each of said defendants, to-wit ( reciting the names of the individual defendants joined with the corporation) : "And the price paid by them therefor ; as well as the names of all other parties within the jurisdiction of this court, who hold, or at any time since said second day of August, 1886, have held said shares of capital stock upon which the full par value of ten dollars per share has never been paid, the number of said shares so being, or having been, held by each and all of them and the price paid therefor ; from which said books, such knowledge can alone be had ; that access to said books, for the purpose of learning said facts, plaintiff has demanded from said defendant, the St. Louis-Sonora Gold and Silver Mining Company, which has been denied ; that section 8 of chapter 32, of the Revised Statutes of Illinois, provides that each stockholder of a corporation shall be liable for the debts of such corporation to the extent of the amount that may be unpaid upon the stock held by him, and that no assignor of stock shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor, jointly with the assignee, until said stock be fully paid." Then follows the prayer for relief, which is for a discovery on the part of the corporation of the number of shares of capital stock held by each of the individual defendants, " and the price paid per share by them therefor, as well as the names of all other parties within the jurisdiction of this court, who hold, or since said second day of August, 1886, have held, any of such shares on which the full par value of ten dollars per

share has not been paid; the number of said shares so being, or having been held by each, and the price paid therefor." And the petition concludes by a prayer for judgment against the stockholders jointly and severally for the amount of the plaintiff's judgment and costs.

The difficulty of gathering a cause of action from this petition lies in the fact that it nowhere alleges in distinct terms that any shareholders of the corporation are indebted *to the corporation* in respect of their shares. It charges that the shareholders who are named as defendants paid for their shares much less than ten dollars per share, the par value of the shares, but it does not charge that they bought the shares of the corporation at less than the par value, or that the corporation has issued any shares at less than the par value, or that either these shareholders, or the unknown shareholders whom it seeks to discover and bring in, are the holders of assessable shares. In one or two places, referring to these unknown shareholders, the petition gives us a glimpse of this idea, but it is only a glimpse. It recites that there are other shareholders within the jurisdiction of the court on whose shares the "full par value of ten dollars per share has never been paid," but it spoils this allegation in the next clause by asserting that the defendant corporation has books which will disclose the names of all holders of its shares, the number of shares held by each, "and the prices paid therefor," from which the plaintiff could learn how many of said shares were held by each of the defendants who are joined with the corporation, "and the price paid by them therefor." In the clause next following it speaks of the unknown parties who, at or since the date named, "have held said shares of capital stock upon which the full par value of ten dollars per share has never been paid."

If shares have been paid for to the corporation, to the extent of their par value in money or in money's

worth, the holders of them cannot, under such a statute as that above recited, be made to pay anything further on them, although they may have bought them at much less than their par value, or acquired them for nothing at all. While a pleading is to be fairly interpreted upon demurrer, doubtful and ambiguous expressions are to be taken most strongly against the pleader. The allegations in this petition that the individual defendants who are named have not paid for their shares the full par value of the same, does not show that they are liable to pay anything further to the corporation or its creditors, because it is consistent with the idea that they have purchased the shares in open market of other holders of them at less than their par value, they being fully paid to the corporation.

The allegation that there are other shareholders within the jurisdiction whose shares have never been fully paid up would not, under any system of pleading with which we are acquainted, sustain the petition, as against the corporation, as a petition for discovery and relief against unknown shareholders ; because these allegations are so confused and blended with the allegations which we have recited relating to the known shareholders as to indicate that the plaintiff is attempting to proceed against both the known and the unknown shareholders on the vague theory that they are liable if they have purchased their shares from some one at less than their par value. If we eliminate the shareholders who are named as defendants, the petition would seem to be a mere fishing bill, such as could not be sustained under any system of remedial justice. But if it is not open to this objection, it remains to be said that bills of discovery have been unknown to our remedial system since the adoption of the present practice act. *Bond v. Worley*, 26 Mo. 253.

It may be that what the pleader is trying to get at is that the defendant shareholders and the others whom

he seeks to discover and bring in are the holders of shares, which have never been fully paid up to the corporation or to its creditors,—in other words, of assessable shares. But this should have been stated in direct and explicit terms. It is difficult to see how a clear issue could well be made upon this petition as it is drawn, and this being the fact, it is difficult to say that error was committed in sustaining a demurrer to it. If the plaintiff really had a good cause of action he should have amended, instead of standing on his petition and declining to plead further.

The judgment will be affirmed. All the judges concur.