THE STATE ex rel. RICHARD McCULLOCH v. WILSON A. TAYLOR, Judge of Circuit Court.

**In Banc, July 3, 1916.**

1. **SPECIAL COMMISSIONER: Powers.** A special commissioner appointed by the circuit court to take depositions in a cause is clothed with authority by the statute to issue subpœnas and compel the attendance of witnesses.

State ex rel. v. Taylor.

2. ———: ———: **Application to Court.** There is no necessity for ar application to the circuit court which has appointed a special commissioner to take depositions, for the inssuance of an order requiring the attendance of a witness before such commissioner, since the right of litigants to take depositions is purely statutory, and such order neither adds to nor detracts from the power of the commissioner in that respect.

3. ———: **Power to Compel Production of Papers.** Neither a special commissioner appointed by the circuit court to take depositions, nor the circuit court itself by a subpœna *duces tecum*, has power to compel a witness or the adversary party to produce books and papers before the commissioner, since his power is purely statutory, and the statute does not confer the power.

4. ———: ———: **Inherent Power of Court.** The power of a circuit court to appoint a special commissioner to take depositions and certify them to the court, being ancillary in its nature and not necessary for the court's existence and existing only by statute, the court has no inherent power by order or the process of subpoena *duces tecur.* to compel a witness to produce letters and other papers before said commissioner.

5. ———: ———: **Prohibition.** But where the subpoena *duces tecum* sought the double purpose of compelling the attendance of the witness before the special commissioner and the production by him of certain letters, a writ of prohibition to prohibit the circuit court from enforcing such process will not issue, because the last requirement, while a mere nullity, did not affect the validity of the first part, requiring him to appear and testify.

6. ———: **Subpoena: Issued by Clerk.** A witness cannot refuse to obey a subpoena commanding him to appear before a special commissioner and testify, on the ground that the subpoena is under the hand of the circuit clerk, instead of simply being signed by the commissioner.

## Prohibition.

WRIT DENIED.

*F. K. Ryan, G. T. Priest* and *T. E. Francis* for relator.

(1) The writ of prohibition here should be made absolute, because the circuit court is without jurisdiction to issue a subpoena *duces tecum* for the production

of books or papers before a special commissioner under the deposition statute; it being certain that taking testimony this way is entirely a statutory proceeding wherein the circuit court is not given power with respect to such taking of depositions further than to appoint such commissioner in the instance provided for by the statute and to pass upon any testimony that may be reported to the circuit court by the commissioner so appointed. Ex parte Mallinkrodt, 20 Mo. 493; Ex parte O'Brien, 127 Mo. 488; Ex parte Alexander, 163 Mo. App. 622; Matter of Searles, 155 N. Y. 333; In Re Strauss, 62 N. Y. Supp. 392; In Re Dittman, 72 N. Y. Supp. 885. (2) The action of the circuit court in this case cannot be sustained on the theory that its inherent power as a court of general jurisdiction is authority sufficient to issue the order in question. For inherent power does not go beyond that acquired by a court through pleadings filed, process issued. or appearance entered, and judgments or orders entered within the lines of the issues framed by the pleadings, and as to any statutory proceeding by depositions or otherwise that may arise under the issues thus presented, the power of the circuit court does not go beyond that expressly given to it by the statute and can be exercised in no other way than that prescribed in the statute. State ex rel. v. Muench, 217 Mo. 137; State ex rel. v. Rassieur, 186 Mo. App. 219; In re U. S. Pipe Line Co., 44 N. Y. Supp. 715; 5 Jones on Evidence, sec. 801; 3 Wigmore on Evidence, p. 2450; State ex rel. v. Broaddus, 245 Mo. 142; Art. 12, ch. 21, R. S. 1909.

*Henry M. Walsh* for respondent.

(1) Any party to a suit pending in any court in this State may obtain the deposition of any witness, to be used in such suit conditionally. Sec. 6384, R. S. 1909. (2) The witness, the relator herein, could make no claim of privilege relating to letters which are the very foun-

dation of a wrong alleged to have been done to the plaintiff in the suit wherein the letters are asked to be produced, for the court will not permit the relator to protect a wrong. Stuckes v. Candy Co., 158 Mo. App. 342; 3 Wigmore on Evidence, 2212; Bank v. Hughes, 6 Fed. 741; Steel Rail Co. v. Steel Co., 48 Fed. 191; Victor G. Bloede Co. v. Joseph Bancroft & Sons Co., 98 Fed. 175, 45 C. C. A. 354; Burnham v. Morrissey, 14 Gray, 226, 74 Am. Dec. 676; United States v. Terminal Assn., 148 Fed. 486; Re Dunn, 9 Mo. App. 255; Elder v. Bogardus, 1 Edm. Sel. Cas. 110; Railroad v. State, 31 L. R. A. (N. S.) 539. (3) By applying for a special commissioner, and the granting of the application, the jurisdiction of the respondent became fixed to issue the subpoena *duces tecum*. Ex parte Brockman, 233 Mo. 135. (4) The contention of the relator that the respondent has no right to issue the order for the subpoena *duces tecum,* may be slightly confused with the question of the commissioner's right to issue the writ. The record shows that up to the time of the filing the application for this writ, every step was taken by the attorney for the defendants Goodwin, who are the real parties in interest, and this if true is improper. 40 Cyc. 2169—g.

WALKER, J.—This is a proceeding by prohibition directed against one of the judges of the circuit court of the city of St. Louis to prevent him from compelling the attendance of relator as a witness before a special commissioner theretofore appointed by said court to take depositions under section 6390, Revised Statutes 1909; and to require said witness to produce at the time of his attendance, for use in evidence, two certain letters alleged to have been received by him about March 25, 1914, from Frank E. Goodwin and wife, containing facts relevant and material to the issue in a certain libel suit pending in the court in which said judge presides, wherein John R. Hillhouse is the plaintiff and Frank E.

Goodwin and wife are defendants. In declining to comply with the order made herein the relator seeks refuge in this writ.

The original application for a subpoena for the relator as a witness and requiring him to produce the letters referred to is as follows:

"Comes now the plaintiff and represents to this honorable court that there is pending in this court, the aforesaid suit; that Thomas E. Mulvihill has been appointed commissioner to take depositions in this cause on the tenth day of February, 1916: that Richard McCulloch has in his custody or under his control two letters, one of which purports to be signed by Frank E. Goodwin and the other by Mrs. Frank E. Goodwin; that said letters are addressed to Robert McCulloch and are dated about the twenty-fifth day of March, 1914. Plaintiff states that the letters aforesaid are necessary evidence in the matters to be heard before the commissioner aforesaid, and he therefore prays that a subpoena *duces tecum* be issued directed to the said Richard McCulloch, requiring him to produce the said letters before the said commissioner on the tenth day of February, 1916, at 11 o'clock a. m., in the offices of Thomas E. Mulvihill, the commissioner aforesaid, Room 814, Rialto Bldg., the northeast corner 4th and Olive Sts."

This application was verified before the clerk of the court and on February 8, 1916, the judge of said court entered of record an order for the issuance of the subpoena applied for, which is as follows:

"Upon consideration of plaintiff's verified application for a subpoena *duces tecum,* this day filed, and submitted to the court, it is ordered that a subpoena issue as prayed for, directed to Richard McCulloch, commanding him to appear as a witness and produce for use in evidence at the taking of depositions in this cause, before Thomas E. Mulvihill, special commissioner, on

the 10th day of February, 1916, at eleven o'clock a. m., two letters, one of which purports to be signed by Frank E. Goodwin and the other by Mrs. Frank E. Goodwin, dated about March 25, 1914.''.

February 10, 1916, plaintiff Hillhouse was granted leave to file an amended petition, and on the application of the defendants, Goodwin and wife, the issuance of the subpoena to relator was stayed. The succeeding day the amended petition was filed, and on February 24, 1916, on the application of plaintiff, the court made and entered of record the following order:

''Now at this day comes again the plaintiff, by his attorney, and upon his motion it is ordered that the order entered herein February 8, 1916, directing the issuance of a subpoena *duces tecum* for Richard McCulloch, commanding him to produce certain letters before the special commissioner in this cause, taking depositions, be, and the same is hereby set aside and vacated; thereupon plaintiff again submits to the court his verified application for a subpoena *duces tecum,* filed herein February 8, 1916, upon consideration of which it is ordered that the subpoena issue as prayed for directed to Richard McCulloch, commanding him to appear as a witness and produce, for use in evidence, before Thomas E. Mulvihill, special commissioner, taking depositions, on the 25th day of February, 1916, at eleven o'clock a. m., the two letters dated about March 25, 1914, addressed to Robert McCulloch and purporting to be signed by Frank E. and Mrs. Frank E. Goodwin.''

This order was stayed from day to day until the application for and issuance of the preliminary writ in the instant case. There is nothing in the abstract of the record to show that the relator was ever served with process as a witness and to produce the letters as required in the orders made in the circuit court, but the statement of the relator in his petition for this writ is to the effect that said subpoena was issued and served

upon the witness. That fact not being challenged by the respondent, it will be taken as true. Nor does the record contain a copy of the subpoena issued and served upon the relator, and it will therefore be presumed that it conforms to the requirements of the court's order authorizing its issuance.

It is urged in support of this application that the taking of depositions is of purely statutory creation, in derogation of the common law, and that an officer clothed with power to take testimony in this manner cannot exceed the express authority under which he acts; that there are no intendments in favor of jurisdiction in such a proceeding; that an order to produce books and papers of a third party can only be made for their introduction at the trial; that there is no authority for the issuance of an order for discovery or the inspection of the papers designated; that an application for same should describe with particularity the contents of the papers sought to be produced, that the court may be enabled to determine its materiality to the issue; and that the attempted enforcement of such an order constitutes an unreasonable search and seizure of papers, in violation of the State and Federal constitutions.

The special commissioner appointed to take depositions in this case was clothed with ample authority to issue subpoenas and compel the attendance of witnesses, the language of the statute conferring this power being that "for the purpose of taking such depositions and of certifying and returning the same . . ." he "shall possess the same power and authority and be subject to the same duties and obligations as now are or hereafter shall be conferred and imposed by law upon officers authorized to take depositions." [Sec. 6390, supra.]

The pertinent portion of the general statute above referred to as conferring the power stated upon the commissioner, is as follows: Every person, judge or other

officer required to take depositions shall have power to
issue subpoenas for witnesses to appear and testify and
to compel their attendance in the same manner and
under like penalties as in a court of record.   Persons
summoned as witnesses who refuse to give evidence
lawfully required may be committed to prison by the
officer or person authorized to take their depositions,
etc.   [Sec. 6404, R. S. 1909.]

Under the power thus conferred there was no ne-
cessity for the application made in this case to the
circuit court for the issuance of the order requiring the
attendance of the witness McCulloch before the special
commissioner.  The order made by the court based on
said application, if possessed of the same, at least had
no greater efficacy or force than if it had been issued by
the commissioner himself.   This is true because the
right of litigants to take depositions is purely statutory,
and the power of the court, as well as the commissioner
or other officer authorized to take depositions, is limited
to the express terms of the statute.

While ample power has been conferred on the
courts to require, on the application of a litigant, the
production by the adversary party of books and papers
(Art. 12, chap. 21, R. S. 1909) and by the process of a
*subpoena duces tecum* to require of other witnesses a
like production (Shull   v. Boyd, 251 Mo. 1. c. 473), there
is no statute authorizing this procedure in the taking
of depositions.  In an early case decided by this court
(Ex parte Mallinkrodt, 20 Mo. 493) it was held that a
notary public had no power to commit a witness for re-
fusing to produce books and papers under a *subpoena
duces tecum*.   The reason stated being that the power
conferred to take depositions is purely of statutory cre-
ation and its terms cannot be extended.   This ruling
made more than half a century ago, has never been ques-
tioned, and the statute (now Sec. 6384, R. S. 1909) it
construed has not been changed since the revision of

1835, except in other sections to authorize the appointment in cities of over fifty thousand inhabitants of commissioners to take depositions, who, except as to the right conferred upon them to rule upon the relevancy of testimony offered, are given no greater authority than that conferred upon other officers authorized to take depositions.

There is no room here for the application of the doctrine of the inherent power of the court; this, in a general way, is applicable only when it is necessary to the court's existence and in the proper exercise of its duties imposed by law. The power conferred is an added one, viz: the appointment of a commissioner to take and certify to the court, depositions. The statute creating this power, being ancillary in its nature, is not in any degree necessary to the court's existence, and except for its enactment, the exercise of the power it confers would constitute no part of the court's duty. Moreover, the statute is complete in itself, and when complied with, as it has been in this case, the power of the court is ended in so far as it is sought to regulate the manner in which the depositions shall be taken.

While the course pursued to secure the production before the commissioner of the letters in question was unauthorized, the record discloses a substantial ground why the writ prayed for should not issue. Relator was required to appear before the commissioner as a witness as well as to produce the letters designated. The last requirement, while a mere nullity, because it could not be enforced, did not affect the validity of the first, and upon the subpoena being served upon the witness it became his duty to appear as therein directed and testify. Nor was it any concern of his that the process was, in compliance with the order of the court, under the hand of its clerk instead of simply being signed by the commissioner. While a commissioner, as is the case with a notary public, may issue his own

subpoenas, the local practice obtains, for the commissioner or notary to direct the issuance of subpoenas by the clerk of the court in which the suit is pending. A witness can suffer no injury from this method but on the contrary is given proof on its face of the verity of the process, in that it is issued under the hand of the clerk attested by the court's seal. It lies at the foundation of good government that its citizens shall respond without delay when their services are required in the administration of justice. This was not done in the instant case and we find no such lack or excessive exercise of jurisdiction as to warrant our interference. This conclusion renders unnecessary a discussion of other grounds urged for the issuance of the writ.

For the reasons stated our preliminary writ is quashed. And it is so ordered. All concur; *Blair, J.,* in result. *Woodson, C. J.,* absent.