THE STATE ex rel. STROH et al. v. BENJAMIN J. KLENE and VITAL W. GARESCHE, Judges, and PORTAGE RUBBER COMPANY.

In Banc, December 19, 1918.

1. **PROHIBITION: Purpose of Writ.** The purview of the writ of prohibition is the prevention of the usurpation of judicial power.

2. ——: **Proper Parties.** The judges who have made or are about to make the ruling complained of are the only proper respondents to a writ of prohibition, and the joinder of the party in whose favor the ruling has been made in the trial court, as a respondent, is neither proper nor necessary.

3. **DEPOSITIONS: Production of Books and Papers: Dependent on Statute.** The right to compel witnesses or parties whose depositions are being taken, to produce books and papers as a part of and incident to their examination, is purely statutory; and neither the statute compelling the production of books and papers (Art. 12, ch. 21, R. S. 1909), nor that authorizing the taking of depositions (Art. 4, ch. 46, R. S. 1909), nor that authorizing the taking of depositions before a special commissioner in cities having over fifty thousand inhabitants (Sec. 6390, R. S. 1909), either by express terms or necessary implication, confers upon the court power to compel a witness or the adverse party to produce books or papers before such commissioner as a part of his deposition. [Following State ex rel. v. Taylor, 268 Mo. 312.]

PROHIBITION.

PERMANENT WRIT ISSUED.

*C. R. Skinker* and *P. C. Wise* for relator.

The circuit court erred in requiring relators to produce documents for examination before the special commissioner taking depositions, and thereby exceeded its jurisdiction. (a) The law confers no such power on that court. Secs. 1944-1949, R. S. 1909; State ex rel. v. Taylor, 268 Mo. 312, 319. The order of production violates Section 11 of Article 2 of Missouri Constitution, because it compels production of irrelevant evidence. Holcombe v. Hewson, 2 Campbell, 391; Bain v. Cla....., 39 Mo. 252, 256; Paramore v. Lindsey, 63 Mo. 63, 65;

Henry v. Woods, 77 Mo. 277, 281; Griggs v. Deal, 30 Mo. App. 152, 155; Smith v. Bank, 147 Mo. App. 461, 474; Powers v. Railway, 33 Ohio St. 429, 437; Greaner v. Mullen, 15 Pa. St. 200, 208; Grubey v. Bank, 133 Ill. 79, 80; Bynum v. Miller, 89 N. C. 393. It constitutes an unreasonable search and seizure. State ex rel. v. Trimble, 254 Mo. 542, 556. (b) That order, and the petition therefor, violated the same constitutional provision, because the description of desired documents was too general and authorized an indiscriminate search of defendant's private papers. Ex parte Brown, 72 Mo. 94.

*Harper E. Osborn, George T. Priest, Robert E. Moloney,* and *Albert D. Nortoni* for respondents; *Boyle & Priest* of counsel.

WALKER, J.—This proceeding is based on an application filed in this court by relators for a writ of prohibition. It is directed against respondents, Judges Klene and Garesche, of the circuit court of the city of St. Louis, and the Portage Rubber Company, the plaintiff in an action pending in the circuit court of that city, and out of which this proceeding arises. One of these judges succeeded the other in the discharge of judicial duties in the division of the circuit court during the pendency of this suit in which their exercise of jurisdiction is impugned.

The Portage Rubber Company, a corporation, brought an action on account, against John E. Stroh and Wm. T. Flynn, the relators herein, in the circuit court of the city of St. Louis. After the defendants had been summoned and the entry of their appearance, the plaintiff served notice on them for the purpose of taking their depositions. Under the statute, Section 6390, Revised Statutes 1909, authorizing that procedure, in cities of 50,000 and over, a special commissioner was appointed to take the despostions. While defendant Flynn was being examined, before the commissioner,

plaintiff applied to the circuit court for an order upon the defendants, to produce certain books and papers before the commissioner, alleging, among other things, that their inspection was necessary in connection with the account sued upon. The court entered an order, as requested by the plaintiff; whereupon, the defendants moved that the same be vacated, on the ground that the court was without jurisdiction to require the defendants to produce the books and papers before a special commissioner, and that the court's order was in violation of Section 11 of Article 2 of the Constitution of Missouri, forbidding unreasonable searches and seizures. The court overruled this motion. Plaintiff then made formal application for defendants' commitment, because of their failure and refusal to comply with the court's order. Defendants, as relators herein, thereupon applied to this court for a preliminary rule on the judges named, together with the Portage Rubber Company, to prohibit the further enforcement of the order directed by the circuit court against defendants, and to make return to said writ. The return of the judges avers that they were acting within their jurisdiction, and pray that the rule be discharged. We are not concerned, for reasons to be stated, with the return of the Portage Rubber Company, and its averments are, therefore, immaterial.

I. The sole question entitled to consideration in this proceeding is the propriety of the exercise of jurisdiction by the judges of the circuit court. An inquiry as to who constitute the necessary

Proper Parties.

parties is not inappropriate. Under our statute (Sec. 2622, R. S. 1909) the purview of the writ of prohibition is declared to be the prevention of the usurpation of judicial power. [State ex rel. v. Shelton, 238 Mo. l. c. 293; State ex rel. v. Tracy, 237 Mo. l. c. 118 et seq.; State ex rel. v. Broaddus, 234 Mo. l. c. 366.] This is consonant with the origin, histo' and purpose of the writ. [22 R. C. L. section 3, p.

and notes; 111 Am. St. Rep. 929.] A judgment, therefore, in excess of this well defined purpose would be unauthorized, besides unnecessary, because, if the court improperly assuming jurisdiction be restrained, then those in whose behalf the assumption was made are not only deprived of the instrumentality through which they sought to act, but are rendered otherwise powerless in that behalf. From this it follows, that the joinder as a party respondent of the Portage Rubber Company was not only improper, but wholly unnecessary. We have heretofore so held (State ex rel. Powers v. Rassieur, 184 S. W. l. c. 118; State ex. rel. v. Bright, 224 Mo. l. c. 527), and wherever the subject has received more than cursory consideration, in jurisdictions where statutes do not authorize such joinder, we find a like ruling (Conn. River Railroad v. Co. Commrs., 127 Mass. l. c. 59; Ex Parte Indiana Transp. Co., 242 U. S. 281).

II. The necessary parties hereto having been determined, the concrete question confronting us for solution is, as to the authority of the circuit court to compel witnesses whose testimony is being **Production of Books and Papers.** taken before a special commissioner, to produce books and papers as a part of and incident to their examination.

That the right to take deposition, in actions at law, grew out of the long established practice in equity relating to bills of discovery is a familiar fact in the history of procedure. The fact is equally familiar that this right is purely statutory and can only be legally exercised within the terms of the act creating and defining it. The exercise of the right, therefore, other than in conformity with the actual and positive requirements of the statute, is unauthorized. [Burnett v. Prince, 272 Mo. l. c. 76, 197 S. W. (Mo.) 241; Patterson v. Fagan, 38 Mo. 70; Ex Parte Mallinkrodt, 20 Mo. 493.]

Neither the statute compelling the production of books and papers (Art. 12, chap. 21, R. S. 1909), nor

that authorizing the taking of depositions (Art. 4, chap. 46, R. S. 1909), and the right incidental thereto, of taking same before a commissioner (Section 6390, R. S. 1909), either by express terms or necessary implication confers power upon a court to make and enforce the order complained of. Guided by the general rules in regard to the construction of statutes applicable under the facts at bar, it is not deemed necessary to discuss the question submitted with greater particularity, in view of the fact that this entire subject was reviewed in State ex rel. v. Taylor, 268 Mo. 312, in which we held that neither a special commissioner appointed by the circuit court to take depositions, nor the court itself, had power to compel a witness or the adverse party to produce books and papers before such commissioner. This, because of the absence of a statute in that regard. In the case at bar, we have again reviewed the statutes construed in the Taylor case, and find no reason for disturbing the conclusion there reached. From all of which it follows that our preliminary rule should be made final, and it is so ordered.

All concur except *Woodson, J.,* who dissents.