EX PARTE GEORGE E. DILLON, PETITIONER, v. JEFFERSON D. SMEDLEY, SHERIFF, RESPONDENT.*—29 S. W. (2d) 236.

Kansas City Court of Appeals. June 16, 1930.

*James E. Goodrich, H. G. Leedy, Wm. D. Bush* and *Hugh M. Hiller* for petitioner.

*Watson, Gage & Ess* and *Arthur Miller* for respondent.

BARNETT, C.—This is a proceeding under a writ of *habeas corpus* issued by this court at the instance of George W. Dillon. His petition for the writ alleges that he is unlawfully deprived of his liberty by the sheriff of Jackson County, Missouri, and that his detention arises out of the fact that in a certain action pending in the district court of Wyandotte county, Kansas, an order was made by a judge of that court granting a commission to take depositions in the State of Missouri for use in such action; that A. Stanford Lyon, the commissioner named in such commission, caused a *subpoena duces tecum* to be served upon the petitioner whereby he was commanded to appear before the commissioner to give his testimony and to produce various books, records, papers, and documents touching transactions between several of the defendants in the action pending in Kansas and the Commerce Trust Company of Kansas City, Missouri, of which petitioner is vice-president and secretary; that the *subpoena duces tecum* was served, the petitioner appeared before the commissioner and moved to vacate the subpoena in so far as it purported to require the production of any books, records, papers, or documents, and the commissioner refused to vacate the subpoena and overruled the motion; that thereafter at the time and place fixed for his appearance he presented himself before the commissioner and offered to submit to examination concerning any matters and facts within his recollection and knowledge, but declined to produce any of the books, records, papers, or documents mentioned in the subpoena. Thereupon, the commissioner committed him to the custody of the sheriff of Jackson county for contempt.

Upon this application this court issued a writ of *habeas corpus* and the sheriff of Jackson county has made return thereto in which it is alleged that Honorable A. Stanford Lyon was the appointed, qualified, and acting commissioner appointed by the Kansas court by virtue of Sections 60-2824 and 60-2826 of the Revised Statutes of Kansas, 1923; that a suit was pending in the district court of Wyan-

dotte county, Kansas, brought by the Federal Reserve Life Insurance Company as plaintiff against Riddelle L. Gregory as administrator of the estate of W. R. Gregory, deceased, Riddelle L. Gregory, D. H. Holt, Vernon B. Holt, The Reserve Company, a corporation, E. W. Merritt, Jr., Massey Wilson, W. H. Herndon and C. H. Willbrand, defendants; that it was charged in the petition in that case that defendants, on or about the year 1925, orally entered into a conspiracy and confederation with each other whereby they agreed, in order to make for themselves a large sum of money, to procure from the Federal Reserve Life Insurance Company a large block of capital stock of that company at a price much below its real value. The return recites further allegations of the petition in that case including the allegation that by wrongful acts the defendants procured a large block of the capital stock of the insurance company and sold the same for the sum of $365,840 and that such amount should have gone into the treasury of the plaintiff company. The return then sets forth Sections 60-2824, 60-2826, 60-2827, 60-2806, 60-2807, 60-2808 and 60-2809 of the Revised Statutes of Kansas of 1923. These statutes give authority to take depositions outside of the State of Kansas, confer authority upon any court of record of that State or any judge thereof to grant a commission to take depositions within or without the State, provide for notice of taking depositions, and provide that a subpoena shall be directed to the person therein named which may contain a clause directing the witness to bring with him any book, writing or other thing under his control which he is bound by law to produce as evidence. The pleaded statutes also provide that an officer taking depositions may issue subpoenas and how the subpoena shall be served.

The return alleges facts which show that the commission was duly issued and the notice to take depositions was duly served and that the commission authorized the commissioner to examine the witness upon his oath, and, should any papers or exhibits be produced, proved, or referred to and identified by such witness during the examination and testimony, "you will cause the same to be plainly marked to establish its identity and attach the same to said deposition as a part thereof; "that the commission further directed the commissioner to "attach this commission as your authority and proof of your official capacity and character in the taking of the same. You will, therefore, return said depositions with all such papers and exhibits attached thereto carefully annexed, signed and sealed," etc. The return alleges that the commission was duly authenticated according to the acts of Congress, was delivered to the commissioner, and that he issued the *subpoena duces tecum* set out in the petitioner's application for the writ; that said subpoena was duly served; that petitioner's application to vacate the subpoena in so far as it required the production of books and papers was overruled by the

commissioner; that the witness appeared at the time and place mentioned in the subpoena, was duly sworn by the commissioner, admitted under oath that he had possession and control of the books and papers described in the *subpoena duces tecum,* but that he had not produced them, and that the witness declined to produce said books and papers. Whereupon, the commissioner found the witness guilty of contempt and ordered the sheriff of Jackson county to take him into custody and detain him until he should produce such books and papers, and pursuant to this order the sheriff had the said George W. Dillon in custody and now held him in custody by virtue of the commitment.

The *subpoena duces tecum* is set forth in the record and the description of the books and papers which the witness was required to produce shows that they are the records of Commerce Trust Company of Kansas City showing its dealings with William K. Herndon, Vernon B. Holt, David H. Holt, D. H. Holt, trustee of David H. Holt, United States Reserve Corporation, Carl H. Willbrand, and Federal Reserve Life Insurance Company, showing the amounts deposited and withdrawn by them and showing what notes had been discounted and in other respects showing their financial dealings with the Commerce Trust Company. The petitioner, for reply to the return of the sheriff, admitted the facts set forth in the return and moved for his discharge on the ground that the return of the sheriff shows on its face that the matter alleged in the order of commitment does not amount to a contempt and that the order of commitment was made without legal authority.

## Opinion.

The question for determination is whether or not one who holds a commission to take depositions issued by a court of another state may compel a witness to produce books and papers before him as an incident to his power to take depositions in Missouri. The statutes of our State do not expressly provide that any person having authority to take depositions may issue a *subpoena duces tecum,* or in any other manner compel the production of books and papers. Section 5460, Revised Statutes 1919, provides that every person required to take a deposition or examination of witnesses in pursuance of this article (Article 4, Chapter 34, Depositions), or by virtue of any commission issued out of any court of record in this or any other government, shall have power to issue subpoenas for witnesses to appear and testify and to compel their attendance in the same manner and under like penalties as any court of record in this State.

Section 5437, Revised Statutes 1919 is as follows:

"Commissioners appointed by any other state, or any of the territories of the United States, or the District of Columbia, for the purpose of taking depositions and affidavits, and the acknowledg-

ments of deeds, powers of attorney and other instruments of writing, and residing in this State, shall have the same power to compel the attendance of witnesses in the taking of depositions and the proof of deeds, and in all other cases where it may be necessary in the discharge of the duties of their office, as is now given by law to any court of record in this State, in compelling the attendance of witnesses before such court.''

Our Supreme Court has held that notaries and commissioners having authority to take depositions may not compel the production of books and papers. [State ex rel. Stroh v. Klone, 276 Mo. 206; State ex rel. McCullough v. Taylor, 268 Mo. 312; Ex parte Mallinkrodt, 20 Mo. 493.] In these cases the Supreme Court considered the power which might be exercised in taking depositions to be used in a Missouri court. They conclusively establish the rule that the power to compel the production of books and papers is not conferred by Section 5460. The respondent contends that the provisions of Section 5437 are different from those of Section 5460. It is claimed that Section 5460 merely provides that the officer taking the deposition ''shall have power to issue subpoenas for witnesses,'' but that Section 5437 provides that he ''shall have the same power as is now given by law to any court of record in this State,'' and that said power is not merely incident to the power to take depositions, affidavits, acknowledgments of deeds, powers of attorney, and other instruments of writing, but extends to ''all other cases where it may be necessary in the discharge of the duties of his office.'' We think the respondent has totally misconceived the purport of this statute. The power given to one holding a commission from another state is broader under Section 5437 than that given him by Section 5460 because he is not only empowered to take depositions but to take affidavits, acknowledgments of deeds, powers of attorney, and other instruments of writing, and his power to compel the obedience of a witness extends to all cases where it may be necessary in the discharge of the duties of his office. But the obedience of the witness which may be compelled extends only to attendance and taking the deposition, affidavit, acknowledgment, etc. The extent of the obedience of the witness which may be compelled under either section is the same, for in Section 5460 he has the power *to issue subpoenas for witnesses to appear and testify and compel their attendance in the same manner and under like penalties as any court of record of this State,* and under Section 5437 in the discharge of the duties of his office *he shall have the same power to compel the attendance of witnesses . . . as is now given by law to any court of record of this State in compelling the attendance of witnesses before such court.*

Since our Supreme Court has held that Section 5460 does not confer the right to issue a *subpoena duces tecum* or otherwise compel a witness to produce books and papers, we feel compelled to hold

that such power is not conferred by Section 5437. In each case it is only the power to compel the attendance of witnesses that is granted. We think it is our duty under the Constitution to follow the last controlling decision of that court, not narrowly and grudgingly, but "in spirit and in truth." To do so we should recognize the controlling effect of the decision of that court, not only when we construe a statute which that court has construed, but also when we construe another statute having the same general purpose, the provisions of which are the same in substance.

Respondent claims that it is the duty of the State of Missouri to recognize the power of the commissioner to enforce obedience to a *subpoena duces tecum* because he has that power under the State of his appointment, and that the full faith and credit clause of the Federal Constitution requires us to recognize such authority. The constitutional restriction upon the power of this court to determine constitutional questions applies only to cases that reach this court by appeal or writ of error. [Section 12, Article 6, Missouri Constitution.] We retain jurisdiction of proceedings under a writ which originally issues from this court, even though a constitutional question is involved. [In re Webers, 275 Mo. 677, 205 S. W. 620; Ex parte Noell, 293 S. W. 488 and authorities there cited.] We do not think the full faith and credit clause of the Federal Constitution requires the State of Missouri to recognize the right of an officer appointed in another state to exercise his powers in this State. If the respondent's contention is sound, then a Kansas court could issue an execution and cause it to be levied upon property in Missouri. The Kansas court could confer no authority upon its officer to exercise extraterritorial jurisdiction. Any power to take a deposition or to compel the attendance of a witness or the production of books and papers under a commission issued by a foreign State must be by virtue of the authority given by the law of this State to the holder of such a commission.

It is contended that the State of Missouri will aid the holder of a commission to take depositions issued by a foreign state upon principles of comity. It has often been held that the courts of one state will aid the courts of another state in its efforts to procure evidence out of comity, and that the power to do so is inherent in a court of general jurisdiction and need not be expressly granted by statute. But when aid is given to a foreign court out of comity the judicial power of the state whose aid is requested must be invoked. If the court of one state invokes the aid of a court of another state by letters regatory, or if the party to a suit in one state seeks the aid of a court of another state by filing a bill of discovery, then the inherent power of the court is properly invoked. But there is no principle of comity which allows an officer of a foreign government to enter this State and exercise the powers of his office. Beyond the

territorial jurisdiction of the government under which he holds his grant of power he is not an officer at all. It therefore follows that one who seeks to take testimony in this State under a commission issued by a court of another state has only those powers which have been granted to him by our statutes.

Respondent says "it would be a travesty on justice if the State of Missouri would refuse to require the production of documents which are essential and competent in promoting justice between the parties in a suit in another state." The argument has much weight. We will not attribute to the Missouri Legislature an unwise and unjust policy unless it has made such policy manifest. We are not at liberty to hold that the Legislature conferred the power on a commissioner of the court of another state to compel the production of books and papers for the reasons we have mentioned; but it is our belief that the failure to confer such power was due to oversight rather than an intention to cripple the legatees from our sister states in the exercise of their commissions, and that Section 5437 was not intended as the exclusive method by which evidence might be procured in this State to be used in causes pending elsewhere. We think that the plaintiff in the suit pending in Kansas might maintain a bill of discovery in Missouri. This equitable remedy was fully recognized in Missouri at an early day. [Price v. Cannon, 3 Mo. 453; Nancy v. Tramel, 3 Mo. 306; Roussin v. St. Louis Perpetual Ins. Co., 15 Mo. 244.] Later it was several times held that a bill of discovery could not be maintained. [Bond v. Worley, 26 Mo. 253; Blanke v. St. Louis-Sonora, etc., Co., 35 Mo. App. 186; State ex rel. Watkins v. Donnell Mfg. Co., 129 Mo. App. 205; Vogelsong v. St. Louis Wood Fiber Plaster Co., 147 Mo. App. 578; Dowden v. Walrus Mfg. Co., 199 Mo. App. 657, 205 S. W. 258.] In these cases it was held that a bill of discovery might not be maintained because the plaintiff has two adequate statutory remedies, and the right to take depositions plus the right to procure the production and inspection of books and papers being adequate obviates the necessity for discovery in equity. It now appears that there is a situation wherein a party has no adequate remedy by statute or otherwise. It has been said that a court may not compel the production of documents under letters rogatory. [Cape Copper Co. v. Comtoir d' Escompte, 38 Wkly. Rep. 763.] However, under a bill of discovery a court of equity has inherent power to compel discovery of books and papers in the possession of the adverse party, independent of any statute. [18 C. J. 1079.] The court may require the documents to be deposited for a reasonable time fixed by the court, and thus the plaintiff is enabled to make himself, or one acting for him, a competent witness concerning the contents of the books and papers. [18 C. J. 1128.] Ordinarily, a bill of discovery may not be maintained against a person who is a mere witness and not interested in the subject-

matter of the action in aid of which discovery is sought; but this rule is subject to exceptions. Thus, a bill lies against an agent to discover facts showing whom to sue in an action growing out of a transaction conducted by the agent, and where facts are peculiarly within the knowledge of the agent and cannot be discovered from his principal because he is beyond the jurisdiction, the bill may be maintained. [18 C. J., and authorities there cited.]

We think the principle involved in the cases cited in support of the ab—— doctrine would permit a bill of discovery against the bank. While it is not an agent of the defendants in the Kansas case, yet in consideration of the use of the defendants' money it undertakes to keep the records of certain of their financial transactions. By reason of this practice many persons keep no record of financial transactions not an incident to their usual business, but depend entirely upon the records kept by the bank. It often happens that the financial transactions of a defendant may not be ascertained from any records except those kept by his banker. By its own voluntary conduct, the banker comes into exclusive possession of the information, and for this reason it ought to be held that a bill of discovery may be maintained against a banker as well as an agent.

In view of what we have said we do not think that we are required to resort to strained construction in order to attempt to distinguish between the two sections of the statute under which the commissioner has power to act. It is true that our Legislature has failed to give the commissioner certain powers which would be useful in facilitating the business of foreign courts, but it has not prohibited parties to a cause of action pending in a foreign court from obtaining evidence according to the ancient practice.

This court should make an order commanding Jefferson H. Smedley, sheriff of Jackson county, Missouri, to discharge George W. Dillon forthwith, and should cause a certificate of such discharge to be delivered to the said George W. Dillon. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. Jefferson H. Smedley, sheriff of Jackson county, Missouri, is ordered to discharge George W. Dillon from custody forthwith, and a certificate of such discharge is ordered to be delivered to the said George W. Dillon. *Bland* and *Arnold JJ.,* concur; *Trimble, P. J.,* absent.