HARVEY C. ORTON *v.* ROBERT M. POE, ADMINISTRATOR (ESTATE OF E. HOLLEY POE)

SUPERIOR COURT  FAIRFIELD COUNTY  FILE No. 86028

Memorandum filed September 7, 1954.

*Cummings & Lockwood,* of Stamford, for the plaintiff.

*Curtis, Brinckerhoff & Barrett,* of Stamford, and *Goldstein & Peck,* of Bridgeport, for the defendant.

PHILLIPS, J. The question presented by the present proceeding may be considered in two aspects. The first is whether a deposition may be had under § 7871 of the General Statutes, the real purpose of which is to assist the plaintiff in the preparation of his case for trial, rather than as a means for presenting testimony, not otherwise available, at the trial. The second is whether, in any event, a party may compel the production of documents by a witness before a notary in deposition proceedings by use of a subpoena duces tecum.

The plaintiff has served upon counsel for the defendant notices to take the depositions of Robert M. Poe and Lynn Ahlquist. Both live more than twenty miles from the place of trial. Miss Ahlquist is a resident of New York, but works in Stamford with Mr. Poe. The plaintiff has served a subpoena duces tecum upon both of these parties, listing over two pages of records, books, accounts, ledgers and correspondence, in general terms, which they must produce, the lists being the same in each subpoena. The defendant has moved to quash the subpoenas and for an order restraining plaintiff's counsel from proceeding with the depositions.

It is obvious, from the plaintiff's brief and from the general situation as developed during the argument, that the plaintiff's purpose in taking the depositions is to secure information which will assist him in preparing his case for trial. "The plaintiff cannot adequately prepare his own case for trial unless he is permitted to take the depositions of these two persons, who are in charge of the Connecticut office and of the office records of E. Holley Poe

& Associates." Plaintiff's brief, p. 1. The defendant's counsel has stated that both witnesses will, and in fact must, be present at the trial. The records subpoenaed are in Stamford and their production at the trial may be secured by process.

In the construction of a statute, the purpose of the legislation is to be considered. *State ex rel. McNamara* v. *Civil Service Commission,* 128 Conn. 585, 588. The purpose of our deposition statutes is so clear, from their very terms, as to require but little argument. The intent of the legislature is plainly to permit this exceptional procedure in cases where the witness will be unavailable for trial or when it will be inconvenient for him to be present: when he lives out of the state or more than twenty miles from the place of trial (written obviously before the day of the automobile); when he is going to sea or out of the state; or by reason of age or infirmity will be unable to travel to court; or is confined to jail. In *Neilson* v. *Hartford Street Ry. Co.,* 67 Conn. 466, 469, the court, in commenting on the deposition statute, said "those provisions were made to dispense with that rule [that witnesses must be produced and examined orally before the court or jury] only in certain specified cases, where, if it were enforced or insisted upon, testimony would be lost or great expense and inconvenience would have to be incurred in order to comply with the rule."

A literal compliance with the statute would permit a deposition to be taken in every case where the witness lived more than twenty miles from the place of trial, regardless of his availability at the trial. Where the witness is a party, it would mean that § 7871 could be used to secure from him an unlimited discovery, without even the safeguards imposed by our present discovery statute (§ 7949) that the facts and documents shall be material to the mover's cause of action or defense and without the more elaborate

safeguards set up in the federal rules for discovery, now being considered for inclusion in our own practice. Such a loose and unrestricted exercise of the privilege of discovery would put a party living more than twenty miles from the place of trial at a decided disadvantage as against a party living within this distance, and would be a perversion of justice.

The defendant's motion should be granted on the ground that, under the circumstances disclosed to the court, the proposed deposition does not come within the purview of § 7871. *Shepherd* v. *Lomas*, 9 Conn. Sup. 168; *Wylie* v. *Gledhill*, Superior Court, Fairfield County, No. 78764; *Hackett* v. *Roosevelt School, Inc.*, Superior Court, Fairfield County, No. 92979. While the court (*House, J.*) in *Levy* v. *Heyman*, Superior Court, Hartford County, No. 90089, seemed to lean to a contrary view, the case was decided and the motion for a restraining order denied on the ground that there was no evidence that the deposition was in the nature of a "fishing expedition," or was to be taken for an ulterior motive, or that any circumstances existed for interference by the court.

Although the deposition proceedings in the present case were directed to Mr. Poe as an individual and to his employee, Miss Ahlquist, they are in reality for the purpose of securing the disclosure, production and inspection of documents by the defendant administrator and within his knowledge, possession and power. If the plaintiff has a right to examine the documents prior to trial, it exists by reason of our discovery statute (§ 7949) and rules, under which he has already filed a motion to produce the exact same records.

Turning now to the second aspect of this question, do our deposition statutes permit the issuance of a subpoena duces tecum to compel a witness to produce

documents before the official taking the deposition?
A brief consideration of the results which would
follow, if such power exists, leads to the conclusion
that the question should be answered in the negative.

In *Banks* v. *Connecticut Ry. & Lighting Co.*, 79
Conn. 116, 118, the court, *Prentice, J.*, in comment-
ing on subpoena duces tecum said: "One upon whom
such process is served is bound to produce the re-
quired document. The production thus compelled
does not, however, signify a delivery of the papers
into the hands of the party calling for their produc-
tion or of his counsel, or a submission of them to
his examination; neither does such a consequence
necessarily follow. The production which the pos-
sessor of the papers is required to make consists
of bringing them into court and putting them into
its control. Having by this act complied with the
order of production, the producer may ask the court
to pass upon any claim of privilege, or to make a
personal inspection of the . . . documents to deter-
mine their relevancy . . . before their submission
to counsel; and to make any proper order for the
protection, in such submission, of the interests of
the producer, as, for example, by withholding from
the view of counsel any irrelevant matter which he
ought not to be permitted to examine." See also
*Hurley* v. *Connecticut Co.*, 118 Conn. 276, 283.

If an unlimited production of documents by way
of deposition and subpoena duces tecum were per-
mitted, what becomes of the safeguards which pro-
tect the producer when the documents are brought
into court? The official who performs the ministerial
act of taking the deposition is, of course, in no posi-
tion to rule as to which of them may or may not be
inspected by counsel, or to refuse inspection of docu-
ments produced before him. Suppose some of the
documents are privileged, or are not relevant or
material to the case, or contain incriminating mat-

ter? Counsel then may secure, by deposition, information which would be denied him by the court.

Nothing in our deposition statutes authorizes the compulsory production of documents by a witness. The meaning of the word deposition, in legal terminology, is limited to the testimony of a witness, taken in writing, in advance of trial, under oath, before some judicial officer, in answer to interrogatories, oral or written. See 26 C.J.S. 807; 16 Am. Jur. 699. Nothing in our statutes specifically authorizes the production of documents in addition to the taking of the witness' testimony. Section 7876 provides that the official taking the deposition may issue a subpoena "for the appearance of any witness before him," and if the witness shall refuse to appear, may issue a capias, and if the witness "shall refuse to give his deposition," may commit him to jail. There is no authority here for the issuance of a subpoena duces tecum, or for punishment if the witness should refuse to obey such a subpoena.

The practice of securing evidence by deposition was unknown to the common law and the right to do so is strictly statutory. *Hackett* v. *Roosevelt School, Inc.,* Superior Court, Fairfield County, No. 92979. The exercise of the right, therefore, other than in conformity with the actual and positive terms of the statute, is unauthorized. *State ex rel. Stroh* v. *Klene,* 276 Mo. 206, 209.

The subpoenas duces tecum in the present case were beyond the authority of the notary to issue and were invalid. *Dancel* v. *Goodyear Shoe Machinery Co.,* 128 F. 753, 760; *State ex rel. Stroh* v. *Klene,* supra; *State ex rel. McCulloch* v. *Taylor,* 268 Mo. 312; *Ex parte Dillon* v. *Smedley,* 225 Mo. App. 280. There are cases in other jurisdictions to the contrary, but the reasoning in the cited cases, especially the *Dancel* case, supra, is more convincing.

The motion to quash the subpoenas is granted and an order may issue that the plaintiff and his counsel and the authority to whom the notices of deposition are addressed be restrained from taking the depositions.