GEORGE A. FULLER COMPANY, INC. *v.* CONTROLLED WEATHER CORPORATION

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 146280

Memorandum filed February 6, 1967

*Shipman & Goodwin,* of Hartford, for the plaintiff.

*Ullman, Perlmutter & Ullman,* of New Haven, for the defendant.

KLAU, J. The defendant seeks an order of the court to compel the plaintiff to produce documents in response to a subpoena duces tecum issued to John J. King, vice president of the plaintiff corporation, in connection with a deposition now being taken of such vice president by the defendant. On advice of counsel, the officer of the plaintiff corporation, on being examined, refused to produce the documents requested under the subpoena. The defendant now moves that he be compelled to produce such documents. The defendant claims that the right to issue the subpoena duces tecum is inherent under the provisions of § 185 of the Practice Book, authorizing the taking of depositions of parties and the compelling of their attendance by subpoena. The defendant further asserts that § 186 of the Practice Book affords sufficient protection to any party, upon whom a subpoena duces tecum has been served, in connection with his deposition and that he may apply to the court for a protective order. The defendant further asserts that since the plaintiff has failed to apply for such a protective order, it cannot be heard to contest the validity of the subpoena.

The argument of the defendant assumes the right to issue a subpoena duces tecum in connection with the deposition of a party taken before trial. The defendant argues that *Orton* v. *Poe,* 19 Conn. Sup. 145 (1954), is not applicable since that case relates to depositions under a statute and not under the broad rules of discovery promulgated by the judges of the Superior Court. See Practice Book §§ 166–188. In short, the defendant seeks to read into §§ 185 and 186 of the Practice Book the broad and specific provisions of Rule 45 of the Federal Rules of Civil Procedure. The court cannot accept this assumption of the defendant. Prior to the adoption of the Federal Rules of Civil Procedure, under federal practice a subpoena duces tecum could only be used in connection with production at the time of trial. See *Carpenter* v. *Winn,* 221 U.S. 533; 4 Moore, Federal Practice § 34.03. The adoption of specific rules became necessary for both production and subpoena before trial. Rule 45 (b) and (d) of the Federal Rules of Civil Procedure relate specifically to subpoena duces tecum and set up specific procedures for protective orders. In enforcing the rule, the court may apply remedies, including contempt.

In the absence of a specific rule by the judges of the Superior Court, Rule 45 of the Federal Rules of Civil Procedure cannot be read into §§ 185 and 186 of the Practice Book. Section 185 relates to depositions of parties. The only mention of a subpoena in that section is contained in the final sentence: "The attendance of the deponent may be compelled by subpoena." It would be straining this language to paraphrase this sentence to provide not only for compulsory attendance of the deponent by subpoena but for production at the same time of documents set forth in a subpoena duces tecum. The language of § 186 does not specifically deal

with a protective order relating to a subpoena, as Rule 45 (b) of the Federal Rules of Civil Procedure does. The case of *Orton* v. *Poe,* supra, still seems to be controlling. See *Banks* v. *Connecticut Ry. & Lighting Co.,* 79 Conn. 116, 118. The case of *Levy* v. *Heyman,* 19 Conn. Sup. 142 (1954), although involving a subpoena duces tecum, does not seem to apply since the issue concerned only the propriety of the taking of the deposition itself. The result sought by the defendant may be a desirable one, but it ought to be achieved by a specific rule adopted by the judges of the Superior Court substantially in accordance with Rule 45 of the Federal Rules of Civil Procedure. At the present, § 167 of the Practice Book with respect to production seems to afford the defendant the only remedy prior to trial for obtaining documents which it deems necessary for its defense.

Since the demand for production contained in the subpoena in the present case was invalid, the plaintiff cannot be compelled to produce the material.

The defendant's motion to compel production of documentary material in response to subpoena duces tecum at taking of deposition is denied.