### ST. FRANCIS HOSPITAL, INC.,
Appellee,

v.

### GROUP HOSPITAL SERVICE,
Appellant.

#### No. 50503.

Supreme Court of Oklahoma.

July 24, 1979.

Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc. by Thomas R. Brett and Graydon Dean Luthey, Jr., Legal Intern, Tulsa, for appellee.

Houston & Klein, Inc. by Rooney McInerney, Tulsa, for appellant.

HODGES, Justice.

This appeal arises out of the granting of summary judgment in favor of St. Francis Hospital, Inc., appellee, pursuant to Rule 13.[1] The trial court granted the motion for summary judgment at the conclusion of two days of testimony in open court.

The appellant, Group Hospital Service (Blue Cross), objected to the hearing and renewed its objection later during a continuation of the hearing. The dispositive issue on appeal is whether verbal testimony in open court is permitted under Rule 13. Blue Cross asserts it was reversible error to allow this testimony because the court was actually holding an evidentiary hearing on the issues, and not a mere deposition. It is contended that these hearings were tantamount to a trial on the issues, and, because summary judgment is granted solely on the basis of depositions, admissions, answers to interrogatories, and affidavits on file pursuant to Rule 13, the hearings in the case at bar were improper.

On April 21, 1965, St. Francis Hospital and Blue Cross entered into a written contract which provided for the manner in which Blue Cross was to reimburse the hospital for treatment of patients insured by Blue Cross. The contract stated that the hospital was to use the services of an independent certified public accountant and "generally accepted accounting principles" in preparing financial and statistical reports to arrive at the final payment rate. After the contract was signed, Blue Cross supplied St. Francis with "Instructions to Auditors" which outlined the accounting meth-

1. It is provided in pertinent part by 12 O.S. 1971, Ch. 2, App., Rule 13, for judgment where facts are not controverted:

"A party may move for judgment in his favor where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. The adverse party may file affidavits or other materials in opposition to the motion. The affidavits which are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein and shall set forth facts that would be admissible in evidence. The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the other facts or issues."

ods the hospital was to use. St. Francis used the "Instructions to Auditors" from 1965 until 1969, when the hospital changed its accounting methods and began utilizing accelerated depreciation to determine its cost relating to Medicare reimbursement. This was a deviation from the method the hospital had used for the previous four years. Blue Cross then lowered the amount due St. Francis during the four year period from 1969 to 1973. As a result of the action by Blue Cross, St. Francis commenced litigation to recover the amounts deducted. It is alleged that this sum equals $140,298. The hospital contends that as long as it used generally accepted accounting principles, as stated in the contract, it is in compliance with the agreement. Blue Cross maintains that the Instructions to Auditors was the supplementary part of the contract so that the hospital was bound by the agreement to use only these specified accounting methods in arriving at the final payment rate.

It is asserted by Blue Cross that the Instructions to Auditors and the compliance therewith constituted an executed oral contract and that this is a contested matter supported by depositions in support of its position. St. Francis moved for summary judgment pursuant to Rule 13, and this was granted.

There can be no trial of fact issues in consideration of a motion for summary judgment because its function is to determine whether there is any substantial controversy as to material facts. If there are authentic questions as to material facts, and if reasonable men might reach different conclusions from undisputed facts, a motion

for summary judgment should be denied.[2] In the proceedings that took place prior to the verbal testimony being given in open court, various depositions were offered to the court to support St. Francis' motion for summary judgment. The issues formed by the pleadings were in sharp dispute. The answers to interrogatories contained no admissions of any fact to form the basis of the court's judgment. Each of the litigants had filed an affidavit which were conflicting in all material respects. However, these depositions were not opened but, instead, the testimony of several witnesses who had previously given their testimony was taken. This was allegedly done to save the court from having to read the lengthy depositions already offered. The court classified the testimony of these witnesses as being oral depositions.

I

There are three modes provided by statute for taking testimony. It is provided by 12 O.S.1971 § 421 that the testimony of witnesses may be taken by affidavit, by deposition, and by oral examination.[3] Deposition testimony is defined by 12 O.S.1971 § 423 as a written declaration under oath, made upon notice to the adverse party for the purpose of enabling him to attend and cross-examine, or upon written interrogatories.[4] Oral examination is defined by 12 O.S.1971 § 424 as an examination in the presence of the jury or tribunal which is to decide the fact or act upon it; the testimony being heard by the jury or tribunal from the lips of the witnesses.[5]

Deposition has been defined by various jurisdictions as being confined to the

2. *Weeks v. Wedgewood Village, Inc., 554 P.2d 780, 784 (Okl.1976).*

3. It is provided by 12 O.S.1971 § 421 that:
   "The testimony of witnesses is taken in three modes:
   First. By affidavits.
   Second. By deposition.
   Third. By oral examination."

4. Deposition is defined by 12 O.S.1971 § 423 as:
   "A deposition is a written declaration, under oath, made upon notice to the adverse

party, for the purpose of enabling him to attend and cross examine, or upon written interrogatories."

5. Title 12 O.S.1971 § 424 defines oral examination as:
   "An oral examination is an examination in the presence of the jury or tribunal which is to decide the fact or act upon it. The testimony being heard by the jury or tribunal from the lips of the witness."

written testimony of a witness given in the course of a judicial proceeding in advance of the trial or hearing, upon oral examination or in response to written interrogatories where an opportunity for cross-examination is given.[6] Because the statutory definition of deposition is limited to a written declaration under oath, and the limitation imposed by Rule 13 to the admission of depositions, admissions, affidavits, and interrogatories, we find that oral depositions are not appropriate in a motion for summary judgment.

REVERSED.

LAVENDER, C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

**6.** *Voorheis v. Hawthorn-Michaels Co.,* 151 Cal. App.2d 688, 312 P.2d 51, 54 (1957); *State v. Killoren,* 285 S.W.2d 38 (Mo.App.1955); *Orton v. Poe,* 19 Conn.Sup. 145, 110 A.2d 623 (1954); *Gracie Square Realty Corp. v. Choice Realty Corp.,* 305 N.Y. 271, 113 N.E.2d 416 (1953); *State v. Lord,* 42 N.M. 638, 84 P.2d 80, 94 (1938).