Anthony C. **BARAN**, Plaintiff,

v.

**PRESBYTERIAN UNIVERSITY HOSPITAL, Randolph A. Miller, M.D. and Barry Uretsky, M.D., Defendants.**

Civ. A. No. 82–2166.

United States District Court,
W.D. Pennsylvania.

July 12, 1984.

Edwin H. Beachler, Pittsburgh, Pa., for plaintiff.

Thomas Smith, Pittsburgh, Pa., for defendants.

MEMORANDUM

MARSH, District Judge.

The plaintiff, Anthony C. Baran, has filed a motion for new trial pursuant to Rule 59, Fed.R.Civ.P.

---

Plaintiff was treated for heart trouble at Presbyterian University Hospital by Randolph A. Miller, M.D. and Barry Uretsky, M.D. Subsequent to said treatment, plaintiff filed a malpractice action against the hospital and doctors. A directed verdict was granted on behalf of the hospital and the case was submitted to the jury by special verdict on the issue of the negligence of the doctors.[1]

In his motion for new trial, plaintiff alleged that the verdict was against the weight of the evidence, that the jury disregarded the competent evidence, and that a miscarriage of justice occurred in that the verdict was not in favor of plaintiff. However, plaintiff's brief in support of his motion for new trial asserts only one ground for relief. That is, that the court erred in permitting the defendant doctors to testify and give their medical opinions relating to their treatment of plaintiff without previously providing plaintiff's counsel with written expert reports from both doctors.

Plaintiff contends that the court's action in allowing the defendant doctors to testify without the prior submission of expert reports is a violation of Rule 26(b)(4)(A)(i), Fed.R.Civ.P., and Local Rule 5 II D. 2. (b). We do not agree and accordingly the motion for new trial will be denied.

The Advisory Committee's comments to Rule 26(b)(4)(A)(i), Fed.R.Civ.P., are clear in showing that the drafters did not intend that this rule apply to a party who is an expert, such as the defendant doctors in this case.

The Notes of the Advisory Committee on Rule 26(b)(4) provides as follows:

"This is a new provision dealing with discovery of information (including facts and opinions) obtained by a party from an expert retained by that party in relation to litigation or obtained by the expert and not yet transmitted to the party.... It should be noted that the *subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.*" (Emphasis supplied.)

In discussing the above-quoted language, the court in *Keith v. Van Dorn Plastic Machinery Co.*, 86 F.R.D. 458, 460 (E.D.Pa. 1980) stated:

"We believe an 'actor or viewer' refers, for example, to a doctor who performed an operation that gave rise to a malpractice claim, or to an actuary who witnessed an automobile accident. Such witnesses should be viewed as fact witnesses whose depositions as to the facts of the case could be taken without regard to Rule 26(b)(4). See 8 Wright & Miller, Federal Practice and Procedure, § 2033, at 258 (1970)."

Plaintiff has also asserted that defendants' failure to provide expert reports was a violation of Local Rule 5 II D. 2. (b) of this court.

This Local Rule provides that the defendant file a pretrial narrative statement and that attached to said statement should be:

"(b) A copy of all reports containing the substance of the facts, findings and opinions and a summary of the grounds and reasons for each opinion of any expert whom a party expects to call as a witness at the trial. If timely production of any such report is not made, the testi-

---

1. Answers to Special Verdict:

"1. Do you find by a fair preponderance of the evidence that the defendant, Randolph A. Miller, M.D., was negligent in the care and treatment of the plaintiff, Anthony C. Baran?
    Answer: No

"3. Do you find by a fair preponderance of the evidence that the defendant, Barry Uretsky, M.D., was negligent in the care and treatment of the plaintiff, Anthony C. Baran?
    Answer: No

"5. Do you find that the plaintiff, Anthony C. Baran, was warned and advised of the material risks involved incident to the cardiac catheterization and the injection of dye knowing he had a prior dye reaction in 1965, and then consented to the cardiac catheterization and the dye injection?
    Answer: Yes"

mony of such expert shall be excluded at trial, except upon consent of the other party or parties, or order of court...."

In light of the Advisory Committee's comments on Rule 26(b)(4), Fed.R.Civ.P., and our own experience concerning the need to attach an expert's report to a pretrial narrative statement under this court's local rules, we do not interpret the local rules to apply to a party defendant who is an expert or has special expertise.

Plaintiff has called the court's attention to *Sindler v. Goldman*, 309 Pa.Super. 7, 454 A.2d 1054 (1982). In this case the defendant, Doctor Goldman, had been deposed and refused to answer questions relating to his expert opinions. At trial the court properly sustained objections to his expert opinions.

In the case *sub judice* we are guided by Rule 26(b)(4) of the Federal Rules of Civil Procedure and our own Local Rule 5 on pretrial procedure. We are not bound by the Pennsylvania Rules of Civil Procedure or the Rules of the Court of Common Pleas of Allegheny County.

The record of this case shows that the defendants filed their first pretrial narrative statement on December 2, 1983. Said narrative listed Doctors Miller and Uretsky as both liability and damage witnesses and reserved the right to file supplemental expert reports. The expert reports filed with this narrative were from James J. Leonard, M.D., Oscar M. Reinmuth, M.D., and Melvin Tresser, M.D.

By a supplemental pre-trial stipulation filed on January 5, 1984, defendants submitted the Curricula Vitae of "physicians who will be testifying on behalf of defendants." Included in this filing were the Curricula Vitae for Doctors Miller, Uretsky, Reinmuth, and Leonard.

A Final Pretrial Conference was held on January 5, 1984 and a trial began on January 9, 1984.

It is a common practice in this court to raise objection to matters set forth in a party's pretrial narrative statement at the Final Pretrial Conference. Although no transcript was made of said conference, neither the court's notes nor the memorandum of said conference (Docket No. 45) indicate any objection raised by plaintiff concerning the absence of reports by Doctors Miller and Uretsky.

We also point out that prior to trial plaintiff deposed both defendant doctors. Under federal discovery rules, the doctors could have been asked for an opinion concerning the primary fact at issue; that is, should the defendants have administered prophylactic antibiotics prior to the cardiac catheterization that was performed? [2] See: *Williams v. Thomas Jefferson University*, 54 F.R.D. 615, 616 (E.D.Pa.1972), and discussions concerning discovery of opinions under Rule 26, Fed.R.Civ.P., at 4 Moore's Federal Practice ¶ 26.56[3] (1984).

We further point out that in his case in chief, plaintiff called both Doctors Miller and Uretsky as on cross-examination.[3] Doctor Miller was asked opinions concerning the use of prophylactic antibiotics during questioning (Trial Transcript pp. 128–133). In light of this fact, we cannot say that plaintiff was surprised by opinion questions asked of Doctor Miller and Doctor Uretsky in the defendants' case in chief. Indeed, his own questioning of Doctor Miller opened the door for defendants to elicit opinion testimony when the doctors testified in their case.

In light of the foregoing, an appropriate order will be entered denying the plaintiff's motion for new trial.

---

2. This was the issue as stipulated by the parties in the pre-trial stipulation filed on January 5, 1984.

3. Vol. II, Trial Transcript, pp. 67–184.