## HELEN K. MATZKEVICH ET AL. *v.* WATERBURY HOSPITAL HEALTH CENTER ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 67763
WATERBURY

Memorandum filed March 16, 1990

*Silver, Golub & Teitell,* for the plaintiffs.

*Howard, Kohn, Sprague & Fitzgerald,* for the named defendant.

*Gager, Henry & Narkis,* for the defendant Frederick L. Cohn, M.D., P.C.

MURRAY, J. The court has reviewed the portions of certain depositions submitted by the plaintiffs with their motion to compel. The depositions are those of Susan

Wehner, Kathleen Lincoln, Roberta Mariana, Shirley Brown and Mary Anne Hassinger, all registered nurses, and of Benjamin Berliner and Henry Helvie, both physicians. From that review it is clear that each deponent was intimately connected with the process of health care received by the plaintiffs, Helen K. Matzkevich and her infant son, while they were patients at Waterbury Hospital in January, 1982. Further review of those portions of the complaint in which numerous counts of malpractice are alleged against the hospital and in which the involvement of various hospital health care professionals is further alleged has satisfied the court that those deponents and any other hospital personnel similarly situated were professional agents of the hospital directly involved in the treatment received by the plaintiffs or were responsible for hospital policies and procedures affecting the plaintiffs' treatment. Certainly, the professional opinions that each deponent may have formulated for the treatment provided the plaintiffs are discoverable, as are the actual treatments provided by each hospital professional. Further, the standards of care, hospital procedures, protocols and professional reports or complaints pertinent to the plaintiffs' care or alleged lack of care are likewise discoverable. Needless to say, the plaintiffs are entitled during the discovery process to elicit from those deponents any available admissions of violations of the applicable standards of care. *Console* v. *Nickou,* 156 Conn. 268, 273–74, 240 A.2d 895 (1968); *Allen* v. *Giuliano,* 144 Conn. 573, 574–75, 135 A.2d 904 (1957).

The principal defendant opposing this motion is Waterbury Hospital Health Center, the named defendant. That defendant's objections during these depositions have been predicated upon the plaintiffs' failure to follow the mandate of Practice Book § 220 to disclose any one of those deponents as the plaintiffs' expert. In advancing its objections during the deposi-

tion processes, the named defendant has also relied upon the earlier opinion of the court, *Flynn, J.,* concerning the deposition of Laura Coultrip, M.D.

This court does not believe that disclosure under § 220 by the plaintiffs of the hospital's agents who very clearly provided care or were responsible for the hospital standards and procedures related to the plaintiffs' care, is essential to the deposition and discovery process. Prior to the completion of a deposition, it would be indeed a herculean feat not contemplated by the rules of procedure, for the plaintiffs to disclose the defendant-agents as the plaintiffs' experts pursuant to § 220. Parenthetically, it is noted that this is a malpractice case in part against the hospital and its professional agents. It is, therefore, axiomatic that numerous healthcare experts, agents of the named defendant, who formulated professional opinions and made professional judgments in providing care to the plaintiffs, are necessarily implicated. Such opinions and judgments by the named defendant's "experts" are discoverable and, this court does not believe that a § 220 disclosure must be made prior to the plaintiffs' commencing the deposition process. While during the trial of this case those deponents would undoubtedly qualify as expert witnesses concerning the plaintiffs' care, it appears that the scope of § 220 reaches only experts retained by a party for litigation and not of necessity parties-defendant, or their agents, who are themselves professionals. No Connecticut case on point exists, but Practice Book § 220 is borrowed from Rule 26 (b) (4) of the Federal Rules of Civil Procedure, and the deponents here would not, under that federal rule, be subject to such "expert witness" disclosure. See generally C. Wright & A. Miller, Federal Practice and Procedure (1971) § 2033; *Baran* v. *Presbyterian University Hospital,* 102 F.R.D. 272 (1984); *Rodrigues* v. *Hrinda,* 56 F.R.D. 11, 12–13 (1972).

In view of the convoluted deposition procedures to date in this case, the motion is granted without costs being taxed to the defendants. It seems now that the plaintiffs' intentions at the resumed depositions are clearly set forth in this record, and the wall of secrecy erected by the defendants' objections should come down, much like the wall in Berlin. The deponents should answer the questions in issue unless the defendants obtain a protective order from the court prior to the resumption of any deposition. Practice Book § 247 (b); *Pavlinko* v. *Yale–New Haven Hospital,* 192 Conn. 138, 143, 470 A.2d 246 (1984).

So ordered.