[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER (# 126) 
The issue in this Motion for Protective Order is whether the plaintiff in this medical malpractice action should be prohibited from eliciting expert testimony from employees of the defendant, Hall-Brooke Hospital, during their pre-trial depositions, when the deponents have not been disclosed as experts by either party. No appellate court has ruled on this issue.
FACTS
The plaintiff, executrix of the estate of Thomas W. Kekelik, brought this medical malpractice action against Hall-Brooke Hospital, a hospital for the mentally ill. The plaintiff has alleged that for a period of time the defendant knew that Thomas W. Kekelik was severely depressed, had bipolar disorder with anxiety, was highly suicidal and needed in-patient hospitalization and treatment. Hall-Brooke Hospital did not admit him in-patient, but placed him in their day program. Less than twenty-four hours following discharge from the day program, Thomas W. Kekelik committed suicide. This lawsuit was then commenced.
The plaintiff noticed the depositions of physicians who are employees or former employees of Hall-Brooke Hospital. No party has filed a notice CT Page 16107 of experts. The defendant filed the following Motion for Protective Order seeking an order, "1. Prohibiting the plaintiffs from eliciting expert testimony from employees of the defendant concerning the standard of care of reasonable healthcare providers in treating a patient with the diagnoses of depression, bipolar disorder with anxiety and suicidal ideation; 2. Prohibiting the plaintiffs from eliciting expert opinion testimony from the employees of the defendant relative to their compliance with the standard of care of reasonable prudent healthcare providers in treating a patient with a diagnoses of depression, bipolar disorder with anxiety and suicidal ideation."
The proposed deponents are physicians who are either employees or former employees of the defendant. This Motion for Protective Order was timely filed. The defendant claims that these questions will exceed the scope of discovery permitted by P.B. § 13-3 and violate the expert discovery rules of P.B. § 13-4. The plaintiff claims that its notices of deposition were issued in accordance with P. B. § 13-2, along with the procedural requirements of P. B. § 13-27. The plaintiff does not claim that these are expert discovery depositions under P. B. § 13-4.
CONCLUSION
There is no Practice Book rule that permits such expert opinion questions in a deposition prior to their disclosure as experts. On the other hand the Practice Book contains no rule that prohibits a plaintiff from eliciting expert opinions in the deposition of defendant medical providers in medical malpractice cases. "The decision of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." P.B. § 1-8.
The predecessor to P.B. § 13-2 limited the scope of discovery to "discovery of facts." P.B. § 167 (1963); P.B. § 216. This is consistent with General Statutes § 52-197(a). In 1978 the Practice Book was amended to permit "discovery of information." "The discovery rules are designed to facilitate trial proceedings and make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Perez v. MountSinai Hospital, 7 Conn. App. 514, 519 (1986); Chief of Police v. FOIC,52 Conn. App. 12, 16 (1999); United States v. Proctor Gamble Co.,356 U.S. 677, 682, 78 S.Ct. 983. 2 L.Ed.2d 1077 (1958).
The early discovery rules were much more restrictive. George A. FullerCo. Inc. v. Controlled Weather Corp., 27 Conn. Sup. 38, 41 (1967) (Absent a specific rule, a deponent cannot be compelled by a subpoena duces tecum to produce documents at a deposition despite the authority of such a CT Page 16108 procedure in the Federal Rules of Civil Procedure.) Prior to 1931 discovery was regulated by statute. The legislature granted authority to the judges of the Superior Court to effectuate the provisions of the disclosure statute by promulgating rules. 1 Stephenson, Conn Civ. Proc. (2d Ed.) § 137; Public Acts 1931, c. 252, Cum. Sup. 1935, § 1659c; General Statutes § 52-197. The first rules were adopted in the 1934 Practice Book under the authority of General Statutes § 5635 (Rev. 1930). The current statutory authority for the continuation of Practice Book rules is General Statutes § 52-197(b): "The judges of the Supreme Court shall make rules to carry out the provisions of this section." There is no statutory provision covering the discovery issue raised in this case. State v. Clemente, 166 Conn. 501, 527 n. 2 (1974). "Orders made pursuant to the rules on discovery are, speaking generally, within the sound discretion of the trial court." Kiessling v. Kiessling,134 Conn. 564, 568 (1948); Standard Tallow Corporation v. Jowdy,190 Conn. 48, 57 (1983).
No appellate court has ruled on the issue raised on this Motion for Protective Order. A number of Appellate Court decisions have touched on the subject without complete guidance on the issue in question. The defendant cites in support of its position, Sung v. Butterworth,35 Conn. App. 154 (1994). This case is inapposite. It involves a decision at trial, ruling that there was inadequate pretrial disclosure of the defendant treating surgeon as an expert in accordance with P. B. § 220(D), now P. B. § 13-4(4). Practice Book § 220(D) was held applicable to defendant treating surgeons as experts. The issue was raised in Gombos v. Aranoff, 53 Conn. App. 347, 359 (1999), but the question at hand was withdrawn at trial leaving no opportunity for the Appellate Court to decide this very issue. It was discussed in a trial context in regard to the failure to ask the defendant, as treating "surgeon, sufficient standard of care questions. Williams v. Chameides,26 Conn. App. 818, 823 (1992), cert. denied, 221 Conn. 923 (1992). It was also touched upon in Gemme v. Goldberg, 31 Conn. App. 527, 535 (1993), involving the failure to disclose either of the defendant medical providers as an expert at the time of trial. "We have previously held and continue to hold that the disclosure requirements of Practice Book § 220(D) apply with equal force to treating physicians as well as to independent experts." Id. 535.
It is established law in Connecticut in medical malpractice cases that the plaintiff's obligation to provide expert testimony can be fulfilled by declaring defendant medical providers as plaintiff's experts. No independent expert is necessary. Slimak v. Foster, 106 Conn. 366, 371
(1927). The brief discussion in Slimak of this alternative method of providing expert testimony was followed by a more specific delineation of the rule in Snyder v. Pantaleo, 143 Conn. 290, 294 (1956). The rule has CT Page 16109 been consistently followed since. Williams v. Chameides, supra.26 Conn. App. 823.
The plaintiff addressed the defendant's attorney-client and work product concerns in the following statement in her memorandum dated November 14, 2000: "It is certainly not the plaintiff's intent to inquire of the defendant's employees what they learned concerning the standard of care from conversations with counsel or review of materials after the lawsuit started." Since the plaintiff has already self-limited this area, the court need not address the attorney-client privilege, the work product rule and the after-learned information issue in deciding this motion.
The defendant claims that the plaintiff has failed to show "exceptional circumstances" for the taking of the opinion/expert deposition of the defendant's employees citing P.B. § 13-4(2). "A party may discover facts known or opinions held by an expert who had been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Section 13-11 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Practice Book § 13-4(2) is not relevant to the issues raised by this motion. Practice Book § 13-4(2) applies to either an expert who has been retained but will not be expected to be called at trial or those experts specially employed by the other party in anticipation of litigation or preparation for trial. The plaintiff's deposition notice does not deal with the taking of depositions of any of those individuals. The plaintiff seeks depositions of employees of the defendant. They presumably will be called as trial witnesses. Therefore the "exceptional circumstances" rule does not apply.
The defendant hospital has cited a trial court decision in support of its position. Shattuck v. Gulliver, Superior Court, judicial district of Litchfield, Docket No. 038416 (January 17, 1986, Pickett, J.) 12 Conn. Law Trib. 16, 52-53, April 21, 1986) "While the court is of the opinion that the plaintiffs on a deposition may not make the defendant their expert, the questions to which counsel objected were directly related to Anne Shattuck and therefore were framed in a manner to provide information discoverable under our practice." Id. The opinion recites specific questions, answers and the trial court decisions overruling objection of an expert nature to these questions. An examination of those questions indicate that they were of an expert nature, which the defendants, treating physicians, were asked by the plaintiff at depositions. These depositions took place prior to their being disclosed as an expert. Shattuck therefore supports the denial of the protective CT Page 16110 order.
This court finds further support for its denial of the protective order in three other trial court decisions. Dunsing v. Hanson, Superior Court, judicial district of New Haven at New Haven, Docket Number 228171 (February 15, 1985, Berdon, J.) 11 Conn. Law Trib. 22; Matzkevich v.Waterbury Hospital Health Center, 41 Conn. Sup. 373, 375-76 (1990); Lubinv. Maretz, Superior Court, judicial district of New Haven at New Haven, Docket No. 289869 (April 9, 1990, Berdon, J.)
This court notes, in passing, that neither party has raised a practical issue; whether or not the plaintiff has the obligation to pay the deponent physician a reasonable fee as an expert in the event the deponents are asked expert type questions. "Unless manifest injustice would result, (A) the judicial authority shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (1)(B) and (2) of this rule. "P. B. § 13-4(3).
 ORDER
The Motion for Protective Order is denied on the following grounds: (1) Liberal discovery is intended pursuant to the "discovery of information" language of Practice Book § 13-2; (2) There is no Practice Book prohibition from the taking of such deposition, even prior to the disclosure of experts; (3) No appellate court has ruled on this issue; (4) No appellate court has furnished trial court guidance on this issue; (5) The plaintiff is entitled to use the defendant's treating physician's opinion to establish the standard of care, breach of that standard and proximate cause; (6) The plaintiff has limited the scope of the depositions to protect the attorney/client privilege, work product rule and after learned information; (7) The "exceptional circumstances" exception under P.B. § 13-4(2) is not applicable under the facts of this case, since these current or former employees of the defendant hospital will no doubt be called as trial witnesses; and (8) A number of trial court decisions support the denial of this Motion for Protective Order.
BY THE COURT.
TIERNEY, J.